THE PEOPLE OF THE STATE OF NEW YORK ex rel. 243 CORPORATION, Appellant, against WILLIAM S. MILLER et al., Constituting the Board of Taxes and Assessments of the City of New York, Respondents.

Argued September 30, 1940; decided October 18, 1940.

*Abraham J. Halprin, Isidore Sohn* and *Sigmund Solomon* for appellant.

*William C. Chanler, Corporation Counsel (Mendel Lurie, Arthur A. Segall* and *Anthony Curreri* of counsel), for respondents.

*Per Curiam.* Section 904 of the Charter of the City of New York (Laws of 1901, ch. 466, as amd. [formerly section 895], as it read until superseded by section 163 of the New York City Charter, effective January 1, 1938) prescribed that an application for correction of an assessment should be in writing but did not specify signature or subscription as a requisite. In *People ex rel. Schwarz* v. *Miller* (281 N. Y. 554) we said that the provision of the statute would naturally be read as a direction complete in itself and held that such an application need not be verified. In the present case the written unverified application was made under the provisions of the statute above referred to. The application for correction, filed with the respondents, was on a printed form with blanks filled by means of a typewriter, apparently a carbon copy. It was stated in the body of the application that the petitioner was the owner of the property and all the particulars required by the statute were given therein. At the bottom of the application where a form for verification was printed there was no signature by the pen of an officer of the applicant following the verification although the name of the applicant corpora-

tion in typewritten form appears both in the body of the form for verification and at its end. The verification was incomplete. It lacked the handwritten signature of the officer to the jurat. It was not under oath. There was no other signature by the applicant. There could be no doubt as to the identity of the applicant. We deem this a full compliance with the statutory requirements.

The provisions of section 2321 of the Penal Law have no bearing on the question of the sufficiency of the application before us. That section penalizes false statements upon an application to reduce a tax or assessment whether oral or in writing.

The application was sufficient and the orders appealed from should be reversed, with costs in all courts to the appellant, and the matter remitted to the Special Term for further proceedings in accordance with this opinion.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.