THE PEOPLE OF THE STATE OF NEW YORK ex rel. 2440 CONCOURSE, INC., Relator, v. WILLIAM STANLEY MILLER, as President, and Others, as Commissioners, Constituting the Tax Commission of the City of New York, Defendants.*

Supreme Court, Special Term, Bronx County, November 22, 1940.

* Affd., 261 App. Div. 948, leave to appeal to Court of Appeals denied, Id. 1073; 285 N. Y. 862.

*Martin Gollubier,* for the relator.

*William C. Chanler, Corporation Counsel [Hyman W. Kehl, Paul Lindemann* and *Irving Lew* of counsel], for the defendants.

McLaughlin, J. This is an application by the defendants for an order superseding and quashing the writ of certiorari herein and dismissing the proceeding with costs, upon the ground that the court lacks jurisdiction in the premises.

The motion is based upon the fact that the application does not comply with the provisions of the Tax Law and the Charter since it fails to set forth the grounds of relator's objection to the assessment, and also since it does not contain the amount claimed by the relator to be the correct value of the property. An examination of the application (a copy of which is attached to the moving papers) reveals that the application is clearly deficient in these respects. It fails to indicate either generally or specifically what the relator's objection to the assessment is. The application blank specifically sets forth questions pertaining to the value and the nature of the objection, and none of these questions is answered. The questions are as follows:

" What do you consider was the fair value of the property on October 1st of this year? "

" Is the objection based on the valuation of the land or building? "

" Is the objection based upon any inequality? If so, give particulars."

" Is the objection based on illegality? If so, give particulars on separate sheet."

The question to be determined is whether or not an application in this form is sufficient. If the defect is one which would affect the jurisdiction of the court, then it is fatal. (*People ex rel. Ruppert Realty Corp.* v. *Cantor,* 115 Misc. 519; affd., 204 App. Div. 863; *People ex rel. Empire Mortgage Co.* v. *Cantor,* 190 id. 512; *People ex rel. O' Neil* v. *Purdy,* 188 id. 485.) If the defect is merely a procedural irregularity, then it may be corrected. (*People ex rel. Di Leo* v. *Edwards,* 247 App. Div. 331; *People ex rel. New York City Omnibus Corp.* v. *Miller,* 262 N. Y. 5.)

Section 163 of the New York City Charter provides: " Such application shall be made in writing under oath and shall specify clearly the objection thereto and the grounds for such objection." In a late case (*People ex rel. Schwarz* v. *Miller,* 281 N. Y. 554, 556) the Court of Appeals in dealing with a proceeding under section 904 of the Charter (now superseded by § 163) said: " Section

904 of the Charter of the City of New York * * * prescribed the form of an application for correction of an assessment as follows: ' Such application shall be made in writing and shall specify clearly the objection thereto and the grounds for such objection * * *.' This provision, we think, would naturally be read as * * * complete in itself." The Court of Appeals thus indicated that an application could be considered sufficient if made in writing and contained a specification of the objection and the grounds of the objection. The application here fails to specify any objection whatsoever or to state the grounds for any objection. It is therefore insufficient. There is nothing contrary in the recent case of *People ex rel. 243 Corp.* v. *Miller* (284 N. Y. 150). That case is authority for the fact that no signature or subscription is necessary on an application for a reduction in assessment, and it also may be taken as authority for the granting of the present motion. In referring to the application under consideration in that case, the court said: " It was stated in the body of the application that the petitioner was the owner of the property and all the particulars required by the statute were given therein." It is clear that in that application the necessary statutory requirements with regard to the substance of the application were met.

It is urged by the relator, however, that any defect in the application has been waived by the defendants since they granted relator a hearing based on the application, and thereafter took definite action to the extent of reaffirming the assessment. This contention is without merit. The relator sought to review for overvaluation. The basis for such action on the part of the commissioners is in the application for correction. There is no fact in that paper which shows overvaluation. It is a blank document as to that. There was a hearing. What transpired there must be found upon the application itself on which appears a notation that seemingly states that the assessment was confirmed. It would appear that the commission could not waive a statutory requirement that gave jurisdiction. This court cannot find jurisdiction based upon this action of the commission.

The application in the present case does not comply with the requirements of the Charter and must therefore be dismissed. Motion granted. Settle order.