G. Robert Wither, J.
In this proceeding under article 13 of the Tax Law and article 78 of the Civil Practice Act to review an assessment upon petitioner’s realty, objection is made by respondents Board of Assessors to the jurisdiction of the court, upon the ground that petitioner failed to file a statement under oath of his specifications of incorrect assessment. It appears that petitioner did file an unsworn statement with specifications of alleged incorrect assessment.
Section 27 of the Tax Law provides in part as follows: “ Such complainants shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect, which statement must be made by the person assessed or whose property is assessed, or by some person authorized to make such statement, and who has knowledge of the facts stated therein. ’ ’ Compliance with this statutory provision is jurisdictional as a basis for review. (People ex rel. 2440 Concourse v. Miller, 178 Misc. 1038, affd. 261 App. Div. 948, motion *859 for leave to appeal denied 285 N. Y. 862; see People ex rel. Irving Trust Co. v. Miller, 264 App. Div. 270; People ex rel. Schwarz v. Miller, 281 N. Y. 554; People ex rel. 243 Corp. v. Miller, 284 N. Y. 150; 84 C. J. S., Taxation, § 535.)
The importance of the*particular statutory language is pointed up in People ex rel. 243 Corp. v. Miller (284 N. Y. 150, supra) wherein the court held that since the New York City Charter provision under which the review was there sought did not require a signature or oath, and the writing filed showed who was the owner of the property, it was sufficient. In People ex rel. Irving Trust Co. v. Miller (264 App. Div. 270, 272, supra) the court stated: ‘ ‘ The only things necessary to the exercise of jurisdiction are that within the time specified a complaint under oath in writing be presented stating the objection and the grounds thereof.”
Since petitioner did not comply with this statutory requirement, the motion to quash this proceeding, made upon the petition and answer upon the return date thereof, is granted.
Submit order accordingly.