J. Robert Lynch, J.
This is a motion to dismiss a petition for judicial review of an assessment under article 7 of the Real *337 Property Tax Law on the ground that the petition and notice were served by mail rather than personally.
Judicial review of an assessment is a proceeding (Real Property Tax Law, § 700). The same statutes and rules apply to the service of papers commencing a proceeding as apply to the personal service of a summons unless special provision is otherwise made (Rules Civ. Prac., rule 21).
We find no special provision regulating the manner of service in article 7 of the Real Property Tax Law. Section 704 thereof provides simply that the petition shall be served upon the officers designated in section 708. This latter section provides that “ service shall be made by delivering ” the petition to certain specified officers. To construe this word ‘1 delivering ’ ’ to permit service by mail, as the petitioner would have us do, would be to strain its import beyond legislative intention.
The same question has been decided by Matter of Greystone Holding Corp. v. Lennox (197 Misc. 463, 464, affd. 279 App. Div. 595) in its holding that “ There is no provision for service by mail ”. We cannot agree with petitioner that this statement is dicta. Had service by mail been permitted in the Greystone case, an opposite result would have been reached; the Statute of Limitations would not have run due to the extension of time granted mailed papers by section 164 of the Civil Practice Act. The motion to dismiss the petition is granted.