John R. Tenney, J.
At the opening of the trial, respondent moved to dismiss on the ground that the service of the petition was improper. Section 708 of the Real Property Tax Law provides that service of a petition to review a tax “ shall be made by delivering three copies of the petition and notice to the clerk of the assessing unit or * * * to the officer who performs the * * * duties.” It further provides that a copy should be mailed to the clerk of any school district where the property is located.
It is conceded that service was improper. The statute provides for the delivery of the petition, and it was mailed. Although there is no question that the respondent was informed *775 of the proceeding, the statute prescribes a specific method of service, and it must be strictly construed. There is no provision authorizing service by mail, and the failure to strictly comply with the statute “ is jurisdictionally fatal”. (Matter of Pennington v. Board of Assessors, 34 Misc 2d 336; Matter of Greystone Holding Corp. v. Lennox, 197 Misc. 463, affd. 279 App. Div. 595; Matter of Shanty Hollow Corp. v. Poladian, 23 A D 2d 132, affd. 17 N Y 2d 536; Matter of City of New York v. Christensen, 30 A D 2d 700, affd. 24 N Y 2d 1002.)
In Matter of Shanty Hollow Corp. v. Poladian (supra) there was an oral application to dismiss made at Special Term. The court held that although this was not in strict compliance with CPLR 2214, an oral motion was sufficient to comply with CPLR 320 (subd. [a]). The decision suggests that absent a motion at Special Term the jurisdictional defect would be waived (p. 134). The circumstances of the instant case indicate that there has been a waiver.
The facts are as follows: On August 22, 1968, a copy of a notice of petition with a return date was mailed to the Board of Assessors and the Town Clerk. On the return date, Special Term at petitioner’s request transferred it to the general calendar. Respondent did not appear, but a copy of the order was forwarded to the assessors. A trial note of issue was then forwarded to the assessors.
In March of 1969, the proceeding was reached for trial. The attorney for the respondent appeared and objected to the case being on the calendar because of an erroneous note of issue, but did not raise the issue of service. Unsuccessful efforts were made to adjust the assessment in a conference with the court.
Subsequently, petitioner renewed his protest by mail. Again, respondent did not answer or appear, and the proceeding was transferred to the trial calendar. For several months, there was some correspondence between the attorneys noting objections to the proceedings, but none were specified.
At the January, 1970, calendar call, respondent requested a delay. The case was scheduled for trial later in the month. Then, there were further conferences with all parties present. The settlement offers were rejected. Trial was ordered and for the first time, respondent formally objected to the court’s jurisdiction.
The Real Property Tax Law is silent as to the effect of an appearance in a proceeding where service is deficient. CPLR 103 (subd. [b]) provides, in part, “Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law *776 and rules applicable to actions shall be applicable to special proceedings.” (Cf. Matter of Allen v. Rizzardi, 5 N Y 2d 493, 499; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 103.07, 401.04.)
The former Civil Practice Act distinguished between a general and special appearance creating factual problems as to the nature of the appearance. For example, discussion as to the merits of the case was not a general appearance (Hammond v. Hammond, 9 A D 2d 615); nor was an application for an extension of time (Maushart v. Kelly, 10 A D 2d 630); nor a request for a complaint (Muslusky v. Lehigh Val. Coal Co., 225 N. Y. 584). On the other hand, a motion for a bill of particulars and the selection of a jury was a general appearance (Hecht v. Occhipinti Realty Co., 254 App. Div. 96) as was the examination of a witness at a trial. (Henderson v. Henderson, 247 N. Y. 428; cf. Farmer v. National Life Assn., 138 N. Y. 265; Reed v. Chilson, 142 N. Y. 152; Matter of Atterbury, 222 N. Y. 355; Revona Realty Corp. v. Wasserman, 4 A D 2d 444; Merchants Heat & Light Co. v. Clow & Sons, 204 U. S. 286.)
There is no longer a distinction between a general and special appearance. (CPLR 320.) If defendant appears, ¡he must raise his objections in the manner set forth in CPLR 3211 or they are waived. (See Matter of Shanty Hollow Corp. v. Poladian, 23 A D 2d 132, affd. 17 N Y 2d 536.) Counsel contends that neither the attorney nor the respondent has the authority to waive the strict requirements of the Real Property Tax Law. That argument was considered and rejected. (Matter of Deering Realty Corp. v. Podeyn, 18 A D 2d 821.)
CPLR 320 (subd. [a]) specifies the manner in which an appearance may be made. “ The def endant appears by serving an answer or a notice of appearance, or by making a motion.” CPLR 320 (subd. [a]) describes what the defendant served with a summons must do to avoid a default. (1 Weinstein-KornMiller, N. Y. Civ. Prac., par. 320.01.) In a proceeding under article 7 of the Real Property Tax Law, the failure to file an answer does not result in a default since “ all allegations of the petition shall be deemed denied ”. (§ 712, subd. 1). However, petitioner may still demand an answer, but he has not done so. (Matter of New York Cent. R. R. Co. v. Donnelly, 8 A D 2d 65.)
Respondent has not filed any papers with the court; he has not moved under CPLR 3211 and has not raised any objection in a responsive pleading. However, he has appeared in court, answered the calendar and permitted the matter to remain there through several terms of court without exercising his rights under CPLR 3211. This conduct constitutes “ an appearance *777 * * * equivalent to personal service of the summons ”. (CPLR 320, subd. [b].)
It is not a trap for the unwary. (Knudson v. Flynn-Hill, Knudson Elevator Corp., 49 Misc 2d 78, 81.) Respondent is not caught in the dilemma created by the Civil Practice Act regarding the nature of his appearance. It is perfectly safe for him to come to court and make his objections. He risks nothing unless he chooses to ignore his remedies under CPLR 3211. Once he appears and takes no action, even though the appearance is informal, without papers, CPLR 320 (subd. [b]) applies. Where a default is possible, he may choose to ignore the entire matter without waiving his remedies under CPLR 3211 or CPLR 5015 (subd. [a], par. 4). Although a default is not possible in this matter (Real Property Tax Law, § 712) the same rule should apply.
Historically, the respondent in this proceeding has participated sufficiently to constitute a general appearance (Henderson v. Henderson, 247 N. Y. 428) but it is immaterial. The fact that he had sufficient notice which led to his court appearance is enough. (CPLR 320.) (Cf. Mullane v. Central Hanover Trust Co., 339 U. S. 306.) Logically, then, the court and the opponent know that any court appearance without a motion or an answer without an affirmative defense is a waiver of any objections to jurisdiction of the person.
Therefore, the motion to dismiss the petition is denied, and the clerk is directed to restore this proceeding to the calendar.