Jasen, J.
These three proceedings were brought by the petitioners pursuant to article 7 of the Real Property Tax Law to review assessments on their real property in the Town of Victor for the tax year 1973. The proceedings were commenced by service of a notice and petition in each case upon the deputy town clerk, the town clerk being unavailable. The petition in each proceeding named as respondents, Leo Con-don, as Assessor of the Town of Victor, and the Board of Assessment Review of the Town of Victor. After the expiration of the time during which these proceedings could be commenced, the respondents moved to dismiss the petitions upon the separate grounds that petitioners had failed to serve the town clerk, as required by section 708 of the Real Property Tax Law, and that they had failed to maintain the proceedings against the assessors either by naming all three assessors individually or by naming the Town of Victor, as required by section 704. Although Special Term denied the motions, the Appellate Division granted them and dismissed the petitions.
Section 708 of the Real Property Tax Law specifies the parties that must be served in a proceeding to review an assessment. In relevant part, that section provided, at the time these proceedings were commenced (L 1970, ch 1027), as follows: "1. If the assessment to be reviewed was made by the assessors of an assessing unit, service shall be made by delivering three copies of the petition and notice to the clerk of such assessing unit, or, if there be no such clerk, then to the officer who performs the customary duties of that official, or, in a county having a population in excess of two hundred fifty thousand, to the assessor or the chairman of the board of assessors or the chief clerk of such assessor or board of *547 assessors, or a deputy of any of such clerks or officers authorized to receive such petition and notice”. Respondents contend that the reference to deputy clerks applies only in counties whose population exceeds 250,000, and that, therefore, in the Town of Victor, located in Ontario County, where the population concededly does not exceed 250,000, service must be made upon the town clerk, not the deputy town clerk. The petitioners contend, however, that the reference to "a deputy of any such clerks” relates back to the phrase "clerk of [the] assessing unit”, and applies therefore without regard to population.
There can be no doubt that the statute, as it then read, was ambiguous as to the validity of service upon deputy clerks.[1] Since, due to the passage of time, a failure to serve the proper officers would result here in the loss of the right to challenge the assessments, this ambiguity should not be construed to the detriment of the petitioners, particularly when, as here, no claim is made that a substantial right of a party has been prejudiced. We hold, therefore, that the service upon the deputy town clerk in each proceeding satisfied the requirements of section 708.
In contrast to the ambiguity of subdivision 1 of section 708, subdivision 2 of section 704, which specifies those parties against whom the proceeding shall be maintained, is clear and unambiguous. It provides as follows: "The proceeding shall be maintained against the assessors either by naming them individually or by using the official name of the assessing unit.” Subdivision 1 of section 102, which defines "assessing unit”, makes it clear that "Town of Victor” is the "official name of the assessing unit” here. As noted above, the Town of Victor was not named as a respondent. Further, the Town of Victor has three, not one, assessors, and the petitions would, therefore, appear defective in that they named only one assessor. Petitioners attempt to escape the harsh results of noncompliance by contending that the Board of Assessment Review meets the definition of "Assessors” in section 102 of the Real Property Tax Law,[2] and that the requirements of subdivision 2 of section 704 were therefore complied with. The *548 Board of Assessment Review, of course, is not the body of officers referred to in the definition, and, in any event, the petitioners did not name the members of the board individually as would be required.
The position taken by respondents is that the failure of petitioners to comply with this technical pleading requirement of subdivision 2 of section 704 renders the petitions jurisdictionally defective and should result in a dismissal. We. refuse to adopt such a harsh and outmoded view of pleading and procedure.
The dual legal concepts that mere technical defects in pleadings should not defeat otherwise meritorious claims, and that substance should be preferred over form, are hardly novel. Nor should the fact that this is a proceeding to review a tax assessment require application of a different rule. As we said some years ago, ”[t]he Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s right to have his assessment reviewed should not be defeated by a technicality.” (People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9.) Indeed, that view is mandated by CPLR 2001[3] and 3026[4] which are applicable to these article 7 proceedings.[5]
Rather than follow respondents’ view, we would adopt a two-pronged test more consonant with modern rational thinking toward pleading and procedure: First, did the entity which is the actual respondent, if not the formally named respondent, receive adequate notice of the commencement of the proceeding? Second, would any substantial right of this entity be prejudiced by disregarding the defect or irregularity? Here, we would answer the first question in the affirmative and the second in the negative.
As to the first question, the entity whose action is challenged here is the assessing unit, the Town of Victor. The officers or body of officers charged by law with the duty of *549 assessing real property in the Town of Victor are the assessors. The petitions were served upon the deputy town clerk, as required by statute, and named as a respondent one of the town assessors. It is not unreasonable to conclude, and there is no evidence to the contrary, that such service did adequately give notice of the proceedings not only to the one assessor named, but also to the other assessors and to the entity itself. Subdivision 2 of section 704 requires no more.
As to the second question, it has long been clear that the primary purpose of a petition is to give notice to the respondent that the petitioner seeks a judgment against respondent so that it may take such steps as may be advisable to defend the claim. (Stuyvesant v Weil, 167 NY 421, 425; Foley v D’Agostino, 21 AD2d 60, 62-63.) Therefore, the only substantial right of the entity which potentially could be prejudiced is the right to receive adequate notice of the commencement of the proceeding. The burden of proving prejudice is placed on the respondents. (Foley v D’Agostino, supra, p 65; 3 Weinstei-Korn-Miller, NY Civ Prac, par 3026.01.) The respondents here have not even alleged, let alone proven, any such prejudice. As indicated above, this entity received adequate notice when the petitions naming one assessor were served upon the proper official. Since no substantial right was prejudiced, we would, pursuant to CPLR 2001 and 3026, disregard the technical infirmity.
Accordingly, we reverse the order of the Appellate Division and reinstate the orders of Special Term denying respondents’ motions to dismiss.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsburg and Cooke concur.
Orders reversed, with costs, and the orders of Special Term reinstated.

. This section, as amended by the Laws of 1973 (ch 31, § 1) (effective Sept. 1, 1973), now clearly authorizes service upon a deputy town clerk.

. Subdivision 3 of section 102 defines "Assessors” as "an elected or appointed officer or body of officers charged by law with the duty of assessing real property for the purposes of taxation”.

. CPLR 2001 provides: "At any state of an action, the court may permit a mistake, omission, defect or irregularity to he corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.”

. CPLR 3026 provides: "Pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.”

. CPLR 101 provides that the CPLR shall govern the procedure in all civil judicial proceedings "except where the procedure is regulated by inconsistent statute.” The Real Property Tax Law contains no such inconsistent procedural rule relative to either construction of pleadings or correcting or ignoring technical defects.