■ In the Matter of HECTOR M. RODRIGUEZ et al., Appellants, v BOARD OF ASSESSORS OF THE TOWN OF PLATTEKILL, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered December 5, 1975 in Ulster County, which granted respondent's motion to dismiss the petition on the ground petitioners failed to serve notice of petition and petition in the manner required by section 708 of the Real Property Tax Law. Petitioners

brought this proceeding pursuant to article 7 of the Real Property Tax Law to review the assessment of their real property in the Town of Plattekill for the year 1975. In the notice of petition and petition, petitioners designated the respondent as "Board of Assessors of the Town of Plattekill, New York". The notice of petition and petition were personally served on August 27, 1975 by the delivery of one copy thereof to Willard Rhodes, who was the local law enforcement officer of the Town of Plattekill, the town building inspector and the chairman of the board of assessment review. Respondent served an answer asserting in its third affirmative defense that service of the notice of petition and petition were jurisdictionally defective because Willard Rhodes was not a person authorized to receive service by section 708 of the Real Property Tax Law. Thereafter, respondent made a motion returnable November 7, 1975 to dismiss the petition on the ground that service of the notice of petition and petition had not been made on a person authorized to receive service. Special Term granted respondent's motion and dismissed the petition on the ground that petitioners had failed to comply with the provisions of section 708 of the Real Property Tax Law, in attempting to commence this proceeding. On this appeal, petitioners claim service of the notice of petition and petition on Willard Rhodes was, under the circumstances, valid and effective service and that respondent had waived its right to challenge the method and manner of service. We disagree. The order must be affirmed. Petitioners failed to serve the notice of petition and petition on a person designated for service pursuant to section 708 of the Real Property Tax Law and the failure is a jurisdictional defect which mandated dismissal. "The failure to suffice the statute's condition precedent is jurisdictionally fatal to the review sought." *(Matter of Shanty Hollow Corp. v Poladian*, 23 AD2d 132, 133, affd 17 NY2d 536; *Matter of Watson Blvd. Apts. v Huffcut*, 23 AD2d 508). *Matter of Great Eastern Mall v Condon* (36 NY2d 544) does not mandate a contrary result. In *Great Eastern Mall v Condon (supra)*, the notices of petition and petitions to review real property assessments were served upon the deputy town clerk of the taxing unit. The petitioners claimed section 708 of the Real Property Tax Law as it then read authorized service on the deputy town clerk. Respondent contended the statute authorized service on a deputy town clerk only in towns whose population exceeded 250,000 and that where the population does not exceed 250,000, as in the case of respondent, service could only be made upon the town clerk. The court found that the section as it then read was ambiguous and resolved the ambiguity against the respondent town and held that service upon the deputy town clerk satisfied the requirements of section 708 of the Real Property Tax Law. In *Great Eastern Mall v Condon (supra)*, petitioners designated one assessor as respondent although respondent town had three assessors. The court held this error in pleading and procedure was an irregularity and not a jurisdictional defect. The "two-pronged test" approved in *Great Eastern Mall,* was applied to determine whether the other defects in the pleading and procedure were mere irregularities and not jurisdictional defects after the court found valid service had been effected on a proper official. This is manifest in the concluding portion of the opinion stating: "As indicated above, this entity received adequate notice when the petitions naming one assessor were *served upon the proper official." (Matter of Great Eastern Mall v Condon,* 36 NY2d 544, 549; emphasis added.) We find no basis to sustain petitioners' claim of waiver or estoppel. We find no justifiable reliance upon a representation by respondent's clerk. Petitioners created the uncertainty and confusion by designating as the respondent in this proceeding the "Board of

Assessors of the Town of Plattekill, New York" when the respondent had only a single assessor. Subdivision 2 of section 704 of the Real Property Tax Law provides that the proceeding shall be maintained against the assessors either by naming them individually or by using the official name of the assessing unit. The motion papers indicate petitioners' attorney called respondent's town clerk and "requested the name of the Chairman of the Town Board of Assessors." The town clerk gave in reply the name, address and phone number of Willard Rhodes who was chairman of the board of assessment review, the only board dealing with real property taxes in respondent town. The error is understandable, but was the product of petitioners irregular procedure. Our decision in *Matter of Van Patten v Board of Assessors of Town of Clifton Park* (33 AD2d 323) is distinguishable from the present case. In *Van Patten,* the attorney for the taxpayer talked with the town clerk to ascertain the proper person to serve in a real property tax review proceeding and she advised him she did not know who was the "clerk of the assessing unit" but that the chairman of the board of assessors performed the duties of the clerk. The taxpayer's attorney also talked with the town attorney who advised him he did not know who was "the clerk of the assessing unit." Service was effected on the chairman of the board of assessors, the person designated by the town clerk as the proper party to serve. Former section 708 of the Real Property Tax Law as it then read was not free from ambiguities. This court noted that the original motion to dismiss was denied and the appellant delayed over five years in bringing on the appeals and that on the record in its entirety service upon the person orally designated by the town clerk as the proper person to serve was effective service. The record in the present case does not warrant a finding that respondent's town clerk designated a person as the proper person to serve to commence this proceeding. At most it shows the respondent's town clerk gave petitioners' attorney the name of the chairman of a board of assessment review when he requested the name of the chairman of a nonexistent town board. Former section 708 of the Real Property Tax Law with its ambiguities was repealed by a completely new section effective September 1, 1973 by section 1 of chapter 31 of the Laws of 1973. An examination of this present statute reveals the persons upon whom service can be made in a proceeding to review an assessment of real property. The statute now authorizes service upon numerous persons including "the assessor or the chairman of the board of assessors", and, of course, the "clerk of the assessing unit", which in this case is the town clerk. (Real Property Tax Law, § 102, subd 1; see *Matter of Great Eastern Mall v Condon, supra.)* The unfortunate error was the result of petitioners' irregularities and cannot be made the basis of a claim of waiver or estoppel. Order affirmed, without costs. Sweeney, J. P., Kane, Larkin, Herlihy and Reynolds, JJ., concur.