## FOURTH DEPARTMENT, MAY, 1977

### (May 20, 1977)

■ MARK ALLEN et al., Respondents, v BOARD OF ASSESSORS OF THE TOWN OF MENDON, Appellant. (Appeal No. 1.)—Order unanimously affirmed, with costs. Memorandum: These two proceedings were brought by petitioners-respondents, property owners in the Town of Mendon, to review the 1975–1976 general tax assessments on their properties pursuant to article 7 of the Real Property Tax Law. Respondent-appellant, the assessor of the town, appeals from two amended orders which appointed a referee to hear petitioners' claims of unequal and excessive tax evaluations and directed immediate trial of their claims of illegal tax assessments. The sole issue is whether Special Term correctly denied appellant's motion to dismiss the proceedings for lack of personal jurisdiction. On July 14, 1975, after filing their complaints and presenting their cases to the Board of Assessment Review of the Town of Mendon, petitioners were informed by letters from "John E. Carter, Secretary, Board of Assessment Review" that their requests for reductions in their tax assessments had been denied. On July 31, 1975 notice of the filing of the assessment roll was duly published. Thereafter, within the 30 days limited by statute (Real Property Tax Law, § 702, subd 2), petitions and notices of applications to review tax assessments were personally served upon John E. Carter. As appellant concedes in its brief, "In each instance the notices and petitions were delivered promptly to the Town of Mendon". On September 17, 1975, the return date of the petitions, appellant's attorney appeared and orally objected that John E. Carter was not the correct person to serve under subdivision 1 of section 708 of the Real Property Tax Law, so that the proceedings were not properly commenced and the court lacked jurisdiction. Prior to that time, petitioners' counsel had received no answering papers, nor notice of motion to dismiss, nor other warning that an attack on jurisdiction would be made. Special Term reserved decision and directed the parties to submit memoranda of law on the question of jurisdiction. Approximately a week later the parties submitted memoranda of law and other papers, the contents of which are summarized below. Petitioners' attorney's affidavit explains how service came to be made on John E. Carter. The affiant first read section 708 of the Real Property Tax Law, which provides in pertinent part as follows: "1. * * * if the assessment to be reviewed was made by the assessors of an assessing unit, service may be made by delivering three copies of the petition and notice to: (a) the clerk of such assessing unit, or, if there be no such clerk, then to the officer who performs the customary duties of that official; or (b)

the assessor or the chairman of the board of assessors or the chief clerk of such assessor of board of assessors, or a deputy of any such clerks or officers authorized to receive such petition and notice." Then, he alleges, he "spoke with Mrs. Pat Rolfsen, deputy town clerk of the Town of Mendon, and upon information and belief, acting town clerk". He told her that he "had some papers to serve on the Board of Assessors and wished to know whether or not there was a clerk of the Board of Assessors or someone who acted as clerk of the Board of Assessors." She "advised that she thought that John E. Carter was secretary of the Board". He then "stated that he wished to know whether there was a clerk or acting clerk of the Board of Assessors", and she replied " 'John E. Carter' ". He then asked her for Mr. Carter's address, which she supplied. Special Term's decision recites that the court received appellant's notice of motion and three affidavits on September 25, 1975, nine days after the hearing of the motion to dismiss, at which time appellant orally moved to dismiss the petitions. Petitioners' notices of applications were served on John E. Carter, secretary of the board of assessment review on August 21 and 27, 1975. Nothing was heard from the town concerning the alleged improper service until the return date of the motion on September 17, 1975, at which time appellant orally moved to dismiss the petitions. Nine days after the return date Special Term received from appellant a notice of motion to dismiss and three affidavits. The court, noting that nothing in the affidavits contradicted petitioners' claim that their attorney was advised that John E. Carter was chairman of the board of assessors, refused to accept the material submitted by the appellant, holding that it was "untimely and will not be considered on these applications". We find that Special Term's refusal was a proper exercise of its discretion under CPLR 2214 (subd [c]). The order appealed from is based on Special Term's determination that the appellant's delays amounted "to laches and a waiver by the Town, and, therefore, the Town is now estopped from raising the jurisdiction defense based on lack of service, if indeed there was such". We agree with this decision. As a general principle, the failure to make service upon a person specified in subdivision 1 of section 708 of the Real Property Tax Law is "jurisdictionally fatal" *(Matter of Shanty Hollow Corp. v Poladian,* 23 AD2d 132, 133, affd 17 NY2d 536; *Matter of Rodriguez v Board of Assessors of Town of Plattekill,* 53 AD2d 788, 789; *Matter of Watson Blvd. Apts. v Huffcut,* 23 AD2d 508; see *Matter of City of New York v Christensen,* 30 AD2d 700, affd 24 NY2d 1002), absent a waiver or estoppel on the part of the assessing unit (see, e.g., *Matter of Van Patten v Board of Assessors of Town of Clifton Park,* 33 AD2d 323; cf. *Matter of Rizika v Board of Assessors of Vil. of Herkimer,* 62 Misc 2d 774). A tax assessment review differs from an ordinary litigation because the public interest is directly involved, the governmental unit having as great an interest in fair and equitable assessment as does the taxpayer. Thus it is recognized that " 'the Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality' " *(People ex rel. New York City Omnibus Corp. v Miller,* 282 NY 5, 9; see, also, *Matter of Great Eastern Mall v Condon,* 36 NY2d 544). Appellant town does not claim lack of actual notice or other prejudice and the mistake in service rested largely upon misinformation from town officials who could reasonably have been expected to know the structure of their town government and the identities of its various officers. (Appeal from order of Monroe Supreme Court—Real Property Tax Law, art 7.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.