■ In the Matter of BATAVIA ENTERPRISES, INC., Respondent, v ASSESSOR OF THE TOWN OF BATAVIA et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: The sole issue on this appeal is whether petitioner-respondent's failure to comply with the statutory requirement of subdivision 1 of section 704 of the Real Property Tax Law denies the court of subject matter jurisdiction to consider the petition. Patently the notice was defective in providing for a premature return date less than the required 20 days minimum. However, the defects were not jurisdictional in

nature, since the requisite jurisdiction had been acquired by timely service of the petition and notice. The defect was at most an irregularity resulting through inadvertence on the part of petitioner's attorney in asserting a premature return date. Appellant's assertion that our decision in *O'Brien v Reff* (52 AD2d 1031) mandates reversal is misplaced. In *O'Brien* it was taxpayer's failure to make application within the prescribed 90-day period which resulted in dismissal. Our courts have historically taken a liberal view of pleading and procedure in proceedings to review tax assessments. In these proceedings under the Real Property Tax Law substance is preferred over form. Since the tax law which provides for review of assessments is remedial in character, it should be liberally construed to the end that taxpayers' rights to have their assessments reviewed not be defeated by a technicality *(Great Eastern Mall v Condon,* 36 NY2d 544). Petitioner's failure to comply with the technical pleading requirements does not render the petition jurisdictionally defective (CPLR 2001, 3026). A tax assessment review differs from ordinary litigation because the public interest is directly involved, the governmental unit having as great an interest in fair and equitable assessment as the taxpayer *(Allen v Board of Assessors of Town of Mendon,* 57 AD2d 1036). Hence technical defects in pleadings should not defeat otherwise meritorious claims. Accordingly, since the notice was timely served and no prejudice resulted therein, it was proper for Special Term to deny the motion to dismiss petitioner's application *(Matter of County of Broome v Eronimous,* 68 AD2d 988). (Appeal from order of Genesee Supreme Court—Real Property Actions and Proceedings Law, art 7.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Witmer, JJ.