■ In the Matter of WILLIAM B. MENDICK et al., Respondents, v JOHN D. STERLING, JR., as Assessor to the Town of Greece, et al., Appellants. (Appeal No. 1.) — Order unanimously affirmed, with costs. Memorandum: In these proceedings under article 7 of the Real Property Tax Law to review assessments on two parcels of land for the tax year 1978-1979, respondents appeal from orders which denied their motions to dismiss the petitions. The two parcels make up an apartment complex located on Stone Road in the Town of Greece. Respondents contend that the statements of complaint filed with the board of assessment review fail to comply with section 512 of the Real Property Tax Law and thus are jurisdictionally defective. As to one parcel, Tax Account No. 1787-500, respondents assert that the statement is neither signed nor verified as called for in the form provided by the review board, nor is it certified as required by section 512 of the Real Property Tax Law. The same arguments are asserted as to the statement of complaint concerning the second parcel, Tax Account No. 1795-000, except that no claim is made that the statement is not properly signed. None of the claimed defects requires a reversal. The signature of the authorized agent on the complaint for Tax Account No. 1787-500 was typewritten. Section 512 of the Real Property Tax Law does not require a

signature in autograph form; the typed statement is sufficient (General Construction Law, § 46). Nor is there any merit to respondents' argument that the statements of complaint must be verified. Section 512 of the Real Property Tax Law no longer requires that the statement be under oath (see L 1977, ch 193, § 1, eff Jan. 1, 1978). Section 512 now provides that the statement contain the following certification: "'I certify that all statements made on this application are true and correct to the best of my knowledge and belief and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relevant to the making and filing of false instruments.'" It is unnecessary in the context of this case to determine whether the absence of certification as required by the statute is a jurisdictional defect (but see *People ex rel. Laurelton Dev. Co. v Purdy,* 190 App Div 957; *Matter of Grey v Board of Assessors of Town of Bristol,* 14 Misc 2d 858 [both cases holding that unsworn complaints filed prior to the amendment of section 512 were jurisdictionally defective]). Although the forms provided to petitioners by the board of review indicate that the same should be verified, they do not contain the certification clause required by the amendment to section 512. Even had petitioners completed the forms furnished by the board of review, their statements would not have been in compliance with the statute. Having thus contributed in large measure to the errors in the statements, respondents should be estopped from asserting the defense of lack of jurisdiction *(Allen v Board of Assessors of Town of Mendon,* 57 AD2d 1036). Application of the estoppel doctrine is particularly appropriate here in light of the history of this controversy. Petitioners have challenged the assessments of these parcels every year since 1974. The proceedings on these petitions have been transferred to the Deferred Calendar and consolidated with the prior proceedings, and the issues presented in all of the pending litigation are substantially similar. Thus respondents may not claim prejudice or surprise by reason of the omitted certification in the 1978-1979 statements of complaint (see *Matter of Great Eastern Mall v Condon,* 36 NY2d 544, 548; *Allen v Board of Assessors of Town of Mendon, supra).* Indeed, they failed to assert the jurisdictional defense for more than a year and a half after the petitions were filed. (Appeal from order of Monroe Supreme Court, Wagner, J. — dismiss tax review proceeding.) Present — Dillon, P. J., Cardamone, Hancock, Jr., Denman and Schnepp, JJ.