In the Matter of CALDOR, INC., #85, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF COLONIE et al., Respondents. (And Another Related Proceeding.)

Third Department, November 23, 1988

---

## APPEARANCES OF COUNSEL

*Koeppel, Sommer & Del Casino, P. C. (James DeCuzzi, Adolph Koeppel, Anne J. Del Casino, Michael R. Martone, Donald F. Leistman* and *Jamie P. Alpern* of counsel), for appellant.

*Susan Marie Tatro, Town Attorney (Joyce C. Tarantino* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioner leases space at the Latham Circle Mall in the Town of Colonie, Albany County, and is responsible for a share of the real property taxes assessed against its landlord. Believing that it was aggrieved by the town's assessment of the subject property for the 1986-1987 tax year, petitioner protested the assessment to respondent Board of Assessment Review of the Town of Colonie. Following denial of its administrative protests, petitioner commenced a proceeding pursuant to RPTL article 7 to obtain judicial review of the assessment. It is undisputed that petitioner effected timely service of the correct number of copies of the required pleadings and related papers, with the requisite contents, upon the proper Town official *(see,* RPTL 702, 704, 706, 708). Respondents did not serve an answer and all allegations made in the petition were deemed denied (RPTL 712 [1]). The same series of events ensued with respect to the 1987-1988 tax year, resulting in the commencement of a second RPTL article 7 proceeding.

By motion dated October 30, 1987, over one year after petitioner commenced the RPTL article 7 proceeding for the 1986-1987 tax year, respondents moved to dismiss that proceeding on the ground that petitioner's noncompliance with RPTL 702 (1) and 704 (1) constituted a jurisdictional defect. Specifically, respondents aver, "Petitioner has never filed said Petition with the Court" and "Petitioner has never filed a Request for Judicial Intervention and the ninety (90) days in which to make a proceeding to review a real property tax assessment returnable *[sic]* has expired." Soon thereafter, respondents made an identical motion regarding the 1987-1988 tax year proceeding. Petitioner opposed respondents' motions, alleging, *inter alia,* that the failure to file the pleadings and a request for judicial intervention was a curable irregularity and not a jurisdictional defect. Respondents did not serve any papers in reply.

Respondents' motions to dismiss the petitions were assigned to different Supreme Court Justices. The two Justices determined that petitioner's failures to file papers with the court,

to obtain an index number and to file a request for judicial intervention constituted jurisdictional defects which compelled the conclusion that no proceeding was ever validly commenced. Petitioner filed a notice of appeal from each of the dismissal orders and this court granted petitioner's motion to consolidate the two appeals.

We reverse. An RPTL article 7 proceeding is commenced by serving a written notice and petition returnable between 20 and 90 days after service (RPTL 704 [1]). Petitioner did precisely this and, thus, commenced the proceedings within the terms of the statute. Petitioner failed to file a request for judicial intervention to have the case placed on the calendar on the return date *(see,* 22 NYCRR 202.6, 202.8 [b]; 202.9). This omission cannot be characterized as jurisdictional in nature *(see, Matter of City of Albany v Department of Assessment,* 139 Misc 2d 401). There is no explicit statutory filing requirement for RPTL article 7 proceedings such as these. And, of course, RPTL article 7 is remedial in character and must be liberally construed so that a taxpayer's right to review is not defeated by a technicality *(see, Matter of Great E. Mall v Condon,* 36 NY2d 544, 548; *Matter of Delaware & Hudson Ry. Co. v McDonald,* 126 AD2d 29, 34, *mot to dismiss appeal granted* 70 NY2d 693). Although we are disturbed that for more than a year petitioner failed to move to place the first case on the calendar, we are reluctant to term such tardiness as a jurisdictional defect *(see, Lumbermens Mut. Cas. Co. v Ferlazzo,* NYLJ, July 28, 1988, at 18, col 4). RPTL 718 allows for four years to pass without an RPTL article 7 proceeding being placed on the calendar before it is deemed abandoned. In view of this statutory period, we are constrained to overlook the one-year delay.*

Respondents and Supreme Court rely principally on *O'Brien v Reff* (52 AD2d 1031). In *O'Brien,* the Fourth Department affirmed the dismissal of an RPTL article 7 proceeding which was returnable after the 90-day period specified in RPTL 704 (1). This was a second application for review, the first timely petition having been dismissed without any appeal. These

---

* The procedures outlined in RPTL article 7 antedate the adoption of the Uniform Rules for Trial Courts (22 NYCRR part 202). For example, the reference in RPTL 702 (1) to Special Term is essentially obsolete under the Uniform Rules. The Legislature may find it worthwhile to consider updating the procedural requirements under the RPTL.

facts distinguish *O'Brien* from the instant cases, in which the only notices of petition specified return dates within the statutory time period. Accordingly, we are not persuaded that *O'Brien* requires a different result.

KANE, CASEY, YESAWICH, JR., and MERCURE, JJ., concur.

Orders reversed, on the law, with costs, and motions denied.