■ In the Matter of SEARS, ROEBUCK & COMPANY, Respondent, v BOARD OF ASSESSORS OF THE TOWN OF UNION et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Fischer, J.), entered April 9, 1991 in Broome County, which, in a proceeding pursuant to RPTL article 7, denied respondents' motion to dismiss the petition for lack of personal jurisdiction.

The question presented on this appeal is whether Supreme Court properly found that petitioner's failure to designate a return date, in its otherwise facially complete notice of petition seeking review of its property tax assessment, was a curable nonjurisdictional defect. The question is answered in the affirmative.

As Supreme Court found, the notice and petition were timely served and the failure to state the return date in the petition was corrected by the subsequent filing and service of a notice of motion by petitioner, together with the original notice and petition, and a request for judicial intervention with assignment of the return date to be made by the Supreme Court Clerk *(see,* 22 NYCRR 202.8 [b]; 202.9). Applicable case law governing commencement of proceedings brought pursuant to RPTL article 7 to review property assessments support Supreme Court's decision *(see, Grant Co. v Srogi,* 52 NY2d 496, 513; *Matter of Caldor, Inc. v Board of Assessors,* 142 AD2d 57, 59; *see also, Matter of Batavia Enters. v Assessor of Town of Batavia,* 72 AD2d 912, 912-913). Significantly, *Matter of Batavia Enters. v Assessor of Town of Batavia (supra)* held that the defect in a petition served in an RPTL proceeding containing a premature return date (scheduled shorter than the required 20-day minimum) was not jurisdictional in nature, but merely an irregularity. Respondents' reliance on *Matter of RECYCLE v Lacatena* (163 AD2d 693) is misplaced. The *RECYCLE* case involved a special proceeding pursuant to CPLR article 78, the commencement of which is governed by CPLR 403 (a), and not RPTL article 7 *(see, Matter of Caldor, Inc. v Board of Assessors, supra,* at 59).

Weiss, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.