■ In the Matter of WYETH AYERST PHARMACEUTICALS, INC., Respondent, v ASSESSOR OF THE TOWN OF CHAMPLAIN et al., Appellants, and NORTHEASTERN CLINTON CENTRAL SCHOOL DISTRICT, Respondent. (And Three Other Related Proceedings.) [804 NYS2d 861]—

Carpinello, J. Appeal from an order of the Supreme Court (McGill, J.), entered July 26, 2004 in Clinton County, which, in four proceedings pursuant to RPTL article 7, denied respondents' motions to dismiss the petitions.

Petitioner seeks to challenge its 2003/2004 real property tax assessment for four parcels of property located in the Village of Rouses Point, Clinton County. It is undisputed, however, that service of each of the four petitions was by certified mail only. Respondents, having timely answered and raised lack of personal jurisdiction as an affirmative defense, unsuccessfully moved to dismiss the petitions on this ground. This appeal ensued.

Supreme Court erred in denying the motions to dismiss the petitions. As relevant here, pursuant to the statutory scheme outlined under RPTL article 7, a taxpayer claiming to be aggrieved by a real property assessment may commence a proceeding by filing a notice of petition and petition within 30 days after the final completion and filing of the subject assessment roll (*see* RPTL 702, 704; *see also Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d 958 [1999], *lv denied* 93 NY2d 813 [1999]). Pursuant to RPTL 708 (1), service is effectuated "by delivering three copies of the petition and notice [to certain designated officers]." In short, the statute requires personal service and does not permit service by certified mail (*see Matter of New York Tel. Co. v Board of Assessors of Inc. Vil. of Shoreham*, 178 AD2d 644 [1991]; *Matter of Rizika v Board of Assessors of Vil. of Herkimer*, 62 Misc 2d 774 [1970]; *Matter of Pennington v Board of Assessors of Vil. of Alexandria Bay*, 34 Misc 2d 336 [1962]; *see generally Matter of Greystone Holding Corp. v Lennox*, 197 Misc 463 [1950], *affd* 279 App Div 595 [1951]).

Moreover, the failure to properly serve a party is a jurisdictional defect subjecting a proceeding to dismissal (*see Matter of New York Tel. Co. v Board of Assessors of Inc. Vil. of Shoreham, supra*; *Matter of Rodriguez v Board of Assessors of Town of Plattekill*, 53 AD2d 788 [1976]; *Matter of Watson Blvd. Apts. v Huffcut*, 23 AD2d 508 [1965]; *Matter of Shanty Hollow Corp. v Poladian*, 23 AD2d 132 [1965], *affd* 17 NY2d 536 [1966]). Thus here, the proceedings should have been dismissed because petitioner failed to effect proper service. We also reject petitioner's contention that, by failing to seek dismissal of the previous year's tax proceedings on the ground that those petitions were also served by certified mail, respondents waived or are estopped from seeking dismissal of the subject proceedings on this same ground (*compare Matter of Premier Self Stor. of Lancaster v Fusco*, 12 AD3d 1135 [2004], *lv denied* 4 NY3d 710 [2005]).

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, motions granted and petitions dismissed.