■ CLIFFORD AYMES, Appellant, v CITY OF NEW YORK, Respondent. [812 NYS2d 74]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered November 23, 2004, to the extent it granted respondent's motion to dismiss the petition to order a change in the tax classification of certain real property, unanimously reversed, on the law, without costs, the petition reinstated and the matter remanded for further proceedings.

On or about January 7, 2004, petitioner filed an application for correction of assessment with the Tax Commission of the City of New York, seeking to change the classification of a parcel of land. He also filed a request for review of property tax assessment with the New York City Department of Finance for the same parcel.

On or about April 14, 2004, the Tax Commission declined to change the tax classification of the parcel in question. The notice of determination stated: "Refer to the enclosed publication TC 707: Judicial Review of Assessments for information on your right to seek further review. In 2004, petitions for judicial review must be filed on or before October 22."

TC707 provides in pertinent part: "The Tax Commission accepts service only at its office in Room 936 on the 9th floor of the Manhattan Municipal Building, 1 Centre Street at Chambers Street . . . The Tax Commission will date-stamp as many as three copies of the *petition* and immediately return all but one to you. The Tax Commission will take one copy for notification of the City's Law Department which defends the City. After service of a petition on the Tax Commission all subsequent legal papers to be served on the City should be delivered only to the Law Department."

On or about June 15, 2004, petitioner commenced the instant special proceeding. On June 23, a professional process server served the notice of petition and petition on the City's Corporation Counsel at 100 Church Street. Although the notice of petition bears the notation "CC: . . . Tax Commis[s]ion, 1 Centre Street, New York, NY 10007," the record is devoid of proof that it was actually mailed to that address. Respondent has not claimed that the Tax Commission failed to receive the notice of petition in the mail.

After obtaining an adjournment of time to respond to the petition, on or about August 10, 2004, respondent moved to dismiss the petition on the ground that the tax classification issue had to be presented in an action pursuant to article 7 of the Real Property Tax Law. The IAS court granted the motion to

dismiss, holding in part that the action was a CPLR article 78 proceeding, not an RPTL article 7 proceeding, and was thus improperly brought. The court further held that service on the New York City Tax Commission was not brought in strict compliance with RPTL 708, and was thus jurisdictionally invalid.

Misclassification of real property is a ground for reviewing an assessment (RPTL 706 [1]). The procedure for challenging such assessment is to "commence a proceeding under this article by filing a petition described in section seven hundred six of this chapter in the manner set forth in section three hundred four of the civil practice law and rules" (RPTL 704 [1]).

We note that neither the notice of petition nor petition mentions CPLR article 78. The petition does reference RPTL 1802. Respondent does not argue that the petition fails to satisfy RPTL 706 or was not filed pursuant to CPLR 304. Viewing the pleadings relating to review of tax assessments liberally (*Matter of Great E. Mall v Condon*, 36 NY2d 544, 548 [1975]), particularly where, as here, petitioner is proceeding pro se (*Rosen v Raum*, 164 AD2d 809, 811 [1990]), the petition should be deemed an RPTL article 7 proceeding and as such, properly brought.

RPTL 708 (2) provides: "In a city of over one million population having a tax commission, service of the petition shall be made by delivering a copy thereof to the president of the tax commission of such city or his duly authorized agent." Mailing does not satisfy this delivery requirement (*see Matter of Wyeth Ayerst Pharms., Inc. v Assessor of Town of Champlain*, 24 AD3d 849 [2005]). Although this is a jurisdictional defect, it can be waived by the municipality (*see Matter of New York Tel. Co. v Board of Assessors of Inc. Vil. of Shoreham*, 178 AD2d 644 [1991]).

However, the service requirements of RPTL 708 (2) are not exclusive. RPTL 708 (4) provides: "Nothing in this subdivision [*sic*] shall affect the right to serve process in any other manner permitted by law."* Similarly, RPTL 704 (1) provides: "The petition hereunder . . . may be served upon the officers designated in section seven hundred eight of this chapter or as the law may otherwise provide."

CPLR 311 (a) provides in pertinent part: "Personal service

---

* Subdivision (4) reads in its entirety as quoted, and thus the word "subdivision" is clearly a scrivener's error. So as not to render the subdivision nonsensical surplusage, we construe it as if the word "section" had been enacted.

upon a . . . governmental subdivision shall be made by delivering the summons as follows . . . 2. upon the city of New York, to the corporation counsel."

Although TC707 mandates additional service requirements, "an administrative agency may not promulgate a regulation that adds a requirement that does not exist under the statute" (*Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 204 [1991]).

As in *Great E. Mall* (*supra*), respondent received proper notice of this proceeding, and has "not even alleged, let alone proven, any . . . prejudice" (36 NY2d at 549) from petitioner's failure to serve the Tax Commission personally.

Based upon the foregoing, we need not reach petitioner's other claims of error. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.