■ In the Matter of MICHAEL NICOLA, Appellant, v BOARD OF ASSESSORS OF THE TOWN OF NORTH ELBA, Respondent. [847 NYS2d 763]—

Spain, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 23, 2006 in Essex County, which, in a proceeding pursuant to RPTL article 7, granted respondent's motion to dismiss the petition.

In this RPTL article 7 proceeding, petitioner challenges the real property tax assessment of property located at 211 Main Street in the Village of Lake Placid, Town of North Elba, Essex County. The petition and notice of petition were mailed in July 2005, with a return date of September 10, 2005. Relying on RPTL 712, respondent did not answer, allowing the allegations in the petition to be "deemed denied" (RPTL 712 [1]). Petitioner filed a note of issue and readiness for trial, a pretrial conference was conducted and, in February 2006, respondent's attorney filed a notice of appearance with Supreme Court. On April 10, 2006—a full seven months after the return date—respondent moved to dismiss the proceeding for lack of personal jurisdiction on the ground of improper service. Supreme Court granted the motion and dismissed the petition. On petitioner's appeal, we now reverse.

Despite petitioner's failure to accomplish proper service,* we nevertheless conclude that the proceeding should not have been dismissed. "[S]ervice of process can be waived by respondent simply by appearing in the proceeding and submitting to the court's jurisdiction" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 720 n 2 [1997]). A formal appearance is effected "by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (CPLR 320 [a]). Such an appearance will operate to waive objections to the court's personal jurisdiction "unless an objection to jurisdiction under [CPLR 3211 (a) (8)] is asserted by motion or in the answer as provided in rule 3211" (CPLR 320 [b]; *see* CPLR 3211 [e]; *Matter of Abramov v Board of Assessors, Town*

---

* As petitioner failed to effect personal service pursuant to either RPTL 708, generally, or CPLR 312-a, specifically, we decline to address the issue of service by mail under RPTL 708 as decided in *Matter of Wyeth Ayerst Pharms., Inc. v Assessor of Town of Champlain* (24 AD3d 849 [2005]; *cf. Aymes v City of New York*, 27 AD3d 394, 396 [2006]). We save that issue for another day.

*of Hurley*, 257 AD2d 958, 960 [1999], *lv denied* 93 NY2d 813 [1999]). Here, however, in the context of this RPTL article 7 tax proceeding, "[a] motion to dismiss the petition shall not be denied merely on the ground that an answer has been deemed made" (RPTL 712 [1]). Thus, respondent "[was] not required to move to dismiss prior to the expiration of the time in which to answer" (*Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d at 960).

Hence, respondent's motion to dismiss, though raised well after the time an objection to personal jurisdiction would be required outside of the RPTL article 7 context, cannot be denied simply on that basis. The facts of this case, however, reveal that respondent did formally appear in the proceeding in February 2006, without preserving its objection to personal jurisdiction, by filing a notice of appearance. In our view, this voluntary appearance constitutes a submission to Supreme Court's jurisdiction and, occurring five months after the time to answer expired, operated as a waiver to respondent's objection to personal jurisdiction (*see* CPLR 320 [a], [b]; 3211 [e]; *but cf.* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:3, at 280 [concluding that a notice of appearance does not waive a personal jurisdiction objection when served prior to the expiration of the time to answer]).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and motion denied.