*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015

519143/519144
519145/519146
519147/519148

_____

In the Matter of ROBERT B.
    KARL,
                    Respondent,

        v

SHARON L. MARTIN, as Assessor
    of the City of Troy, et al.,
                    Appellants.

(Proceeding No. 1.)
_____

In the Matter of LEOPOLDO
    SARAZA et al.,
                    Respondents,

        v                                    MEMORANDUM AND ORDER

SHARON L. MARTIN, as Assessor
    of the City of Troy, et al.,
                    Appellants.

(Proceeding No. 2.)
_____

In the Matter of MR. SUBB,
    INC.,
                    Respondent,

        v

SHARON L. MARTIN, as Assessor
    of the City of Troy, et al.,
                    Appellants.

(Proceeding No. 3.)

_____

In the Matter of J. DELAINE
    JONES,

                    Respondent,

        v

SHARON L. MARTIN, as Assessor
    of the City of Troy, et al.,
                    Appellants.

(Proceeding No. 4.)
_____

In the Matter of WISDOMWORKS LLC
    et al.,

                    Respondents,

        v

SHARON L. MARTIN, as Assessor
    of the City of Troy, et al.,
                    Appellants.

(Proceeding No. 5.)
_____

In the Matter of JAN
    SIEMIGINOWSKI,

                    Respondent,

        v

SHARON L. MARTIN, as Assessor
    of the City of Troy, et al.,
                    Appellants.

(Proceeding No. 6.)
_____

Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


      Ian H. Silverman, Corporation Counsel, Troy (Daniel G.
Vincelette of counsel), for appellants.

      Dennin & Dennin, Lake Placid (Gregory M. Dennin of
counsel), for respondents.


                    _____


Egan Jr., J.

      Appeals from six orders of the Supreme Court (Ceresia, J.),
entered April 16, 2014 in Rensselaer County, which, among other
things, in proceedings pursuant to RPTL article 7, denied
respondents' motions to dismiss the petitions.

      Petitioners attempted to commence these six proceedings
pursuant to RPTL article 7 seeking, among other things, a
reduction in their respective tax assessments on parcels of land
located in the City of Troy, Rensselaer County.  Although RPTL
708 (1) required personal service of the subject petitions,
petitioners served the respective notices of petitions and
petitions via certified mail.  Respondents returned the petitions
— advising that they deemed such pleadings to be nullities — and
thereafter moved to dismiss the petitions pursuant to CPLR 3211
(a) (8) for lack of personal jurisdiction.  Petitioners opposed
respondents' motions and cross-moved for extensions of time in
which to serve the underlying petitions.  Supreme Court denied
respondents' motions, finding that the defective service could be
disregarded, and denied petitioners' cross motions as moot.  This
appeal by respondents ensued.

Initially, petitioners' claim that respondents waived the defect in service is belied by the record.  Turning to the merits, RPTL 708 (1) required petitioners to personally serve the designated assessment officer, which they admittedly failed to do, and — as this Court previously has observed — "the statute. . . does not permit service by certified mail" (Matter of Wyeth Ayerst Pharms., Inc. v Assessor of Town of Champlain, 24 AD3d 849, 850 [2005]).  Further, the case law makes clear that "CPLR 2001 may be used to cure only a technical infirmity" (Ruffin v Lion Corp., 15 NY3d 578, 582 [2010] [internal quotation marks and citation omitted]), and the Court of Appeals has cautioned that "simply mailing the [relevant pleadings] to [a] defendant . . . would present more than a technical infirmity, even if [the] defendant actually receives the [pleadings], inasmuch as [mailing] in general introduce[s a] greater possibility of failed delivery" (id. at 583).  In this regard, we reject petitioners' assertion that, because the relevant pleadings were served via certified mail, as opposed to first class mail, the admitted service defect may be said to fall within the realm of a technical infirmity.  Simply put, inasmuch as petitioners' service was defective, Supreme Court should have granted respondents' motions to dismiss the petitions.  In light of this conclusion, petitioners' cross motions are not moot, and we remit these matters to Supreme Court in order to address such motions on the merits.

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the orders are modified, on the law, without costs, by reversing so much thereof as denied respondents' motions; motions granted and matters remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court