Matter of Britton v Milio Cousins, Inc. (2025 NY Slip Op 01922)

Matter of Britton v Milio Cousins, Inc.

2025 NY Slip Op 01922

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-03812
 (Index No. 59565/21)

[*1]In the Matter of Dave Richard Britton, appellant, 
v
Milio Cousins, Inc., respondent.

Dave Richard Britton, White Plains, NY, appellant pro se.
Stephen P. Dewey, P.C., Ossining, NY (Marc J. Bagan of counsel), for respondent.

DECISION & ORDER
Appeal by the petitioner from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated May 5, 2022. The order denied the petition, inter alia, to vacate a certified transcript of judgment filed in the Office of the Westchester County Clerk and the petitioner's motion for the same relief.
ORDERED that the order is affirmed, with costs.
In July 2021, the petitioner commenced this proceeding against the respondent, Milio Cousins, Inc. (hereinafter Milio), seeking, inter alia, to vacate a certified transcript of judgment filed in connection with a landlord-tenant nonpayment proceeding brought against him 16 years earlier by Milio in the City Court of Mount Vernon (hereinafter underlying proceeding). In July 2005, a money judgment had been entered in favor of Milio and against the petitioner by the City Court of Mount Vernon in the underlying proceeding and a certified transcript of judgment was thereafter filed in the Office of the Westchester County Clerk. The petitioner moved in this proceeding, among other things, to vacate the certified transcript of judgment. Milio opposed. In an order dated May 5, 2022, the Supreme Court denied the petition and the petitioner's motion. The petitioner appeals.
CPLR 2001 permits the court, at any stage in an action, to permit a mistake, omission, defect, or irregularity to be corrected upon terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect, or irregularity shall be disregarded. In addition, pursuant to CPLR 5019(a), a court has discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party.
Here, the petitioner received adequate notice and appeared in the underlying proceeding. Further, given that the petitioner in his affidavit alerted the court in the underlying proceeding that the original caption contained a typographical error and provided the correct spelling of his name, the Supreme Court, under the circumstances presented to it, properly disregarded the technical infirmity pursuant to CPLR 2001 and 5019(a) (see Great E. Mall v Condon , 36 NY2d 544, 549).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied the petition and the petitioner's motion.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court