The People of the State of New York ex rel. Bingham Operating Corp. (formerly Bennett Hotel Company, Inc.), Relator, against W. Everett Eyrich et al., Constituting the Board of Review of the City of Binghamton, N. Y., Respondents.*

Supreme Court, Special Term, Broome County, November 6, 1942.

*Charles R. Stewart* for relator.

*Hugh J. Heffern, Samuel Pearis* and *Robert L. Sweeney* for respondents.

Personius, J. This proceeding is brought to review a 1942 tax assessment in the city of Binghamton. (All statutory references are to the Tax Law; Cons. Laws, ch. 60.) The respondents move to quash the writ on three grounds: (1) that the relator was not the owner of the property when it was assessed and is, therefore, not a " person assessed " (§ 290); (2) that the relator is not a party " aggrieved " (§ 290), even if the property is overassessed, and (3) that the relator did not apply for a reduction or correction of the assessment (§ 27).

Certain dates are important. The assessment roll was completed July 31, 1942. Notice was given that on August 14, 1942, the assessors would be present to hear objections and review assessments. The assessment roll was completed and filed September 1, 1942.

On July 1, 1942 (§ 20) the property was owned by the Bennett Hotel Company, Inc. It continued such ownership until Sep-

* Affd. 265 App. Div. 562, motion for leave to appeal to Court of Appeals denied 266 App. Div. 803.

tember 24, 1942, when it conveyed the property to the relator, Bingham Operating Corp., by deed dated and recorded that day.

Thus it appears that the property was owned by the Bennett Hotel Company, Inc., when the property was assessed, and on the review day, and at the time the assessment roll was completed and filed, but that during the thirty days in which the petition to review the assessment was required to be presented to the court (§ 291), the property was transferred to the relator, Bingham Operating Corp., which became the owner on September 24th.

The application for correction of the assessment (§ 27) was properly and timely made by the *then* owner, Bennett Hotel Company, Inc., on August 13th and 14th. This petition for review was timely made by the Bingham Operating Corp., the *then* owner, on September 24, 1942. The respondents argue: (1) that the Bingham Operating Corp. cannot maintain this proceeding under section 290 because it is not a " person assessed," not having been the owner of the property at the time it was assessed; (2) that it is not a party " aggrieved " (§§ 27, 290); and (3) that it, not being the owner or the party against whom the property was assessed, did not apply for a correction of the assessment (§ 27).

If the respondents' contention is correct, an assessment of property, which is conveyed during the thirty days after the filing of the assessment roll, cannot be reviewed. The original owner, grantor, cannot petition for such review under section 290 because he is no longer the owner, and the new owner, grantee, cannot so petition because he is not a " person assessed " and not " aggrieved."

With this contention we cannot agree. We agree with the respondents that the court is not at liberty to change words and language of the statute which are unambiguous and plain, by construction; nevertheless, we are to look for the intent of the Legislature. It seems clear that the Legislature intended, by article 13 of the Tax Law, to provide for the review of an assessment which was illegal, erroneous by reason of over-valuation, or unequal. " The Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality." (*People ex rel. New York City Omnibus Corp.* v. *Miller,* 282 N. Y. 59.)

Section 290 provides: " Any person assessed upon any assessment roll, claiming to be aggrieved by any assessment for

property therein, may present to the supreme court a petition " setting forth the grounds for review " and stating that he is or will be injured thereby. Such petition must show that the application has been made in due time to the proper officers to correct such assessment."

Is the relator, the new owner, a " person assessed? " It is not the *named* person against whom the assessment is made. A " person assessed " is a person *whose property is assessed*. It is not the party who is assessed but the property. When the relator became the owner of this property, it became, and the original owner ceased to be, a " person assessed," that is, a person whose property is assessed.

Is the relator " aggrieved? " A person who is improperly assessed is aggrieved because he will be obliged to pay a tax on an improper assessment. Having become the owner of the property the relator will have to pay the tax assessed under the assessment and, if the assessment is excessive, it is aggrieved and will be injured by being compelled to pay an excessive tax.

The petition must show that the application has been made in due time to correct the assessment (§ 290). The statute does not require that it be made by the petitioner. It requires (§ 27) that a " statement must be made by the person   *   *   * whose property is assessed or by some person authorized to make such statement   *   *   *." In the instant case it was so made. On the review day the Bennett Hotel Company, Inc., was the person whose property was assessed and it complained and asked for the review.

In *People ex rel. Ambroad Equities, Inc.,* v. *Miller* (264 App. Div. 262), cited by respondents (which is not in point), twelve days after the petition was filed by the owner it conveyed the property. The deed recited that the conveyance was subject to real estate taxes for the first half of 1936. The vendee paid the tax for the year 1936. The petitioner, vendor, was, therefore, in no way " aggrieved." The court said (p. 263) " We are unable to perceive in what respect the relator is ' aggrieved ' by the assessment " and dismissed the proceeding.

Our attention is called to certain local laws of the city of Binghamton which, however, so far as this motion is concerned are not in conflict with the Tax Law.

We hold that the relator here is a person aggrieved, that it is a person assessed, that is, a person whose property is assessed, and that the application to correct the assessment, though made by the Bennett Hotel Company, Inc., was sufficient. Section 290 does not require that such application be made by the petitioner, but simply that it be made.

On the argument of this motion the relator moved to amend the petition to comply with the facts alleged in the moving papers. At the suggestion of the court, it has submitted its motion in writing. This motion should be granted. (Civ. Pr. Act, §§ 1306, 105; *People ex rel. Durham Realty Corp.* v. *Cantor,* 234 N. Y. 507, revg., on dissenting opinion below, 201 App. Div. 834; *People ex rel. Denney* v. *Clark,* 257 App. Div. 905; *Matter of City of Albany* v. *Assrs., Town of Coeymans,* 253 App. Div. 436, 440; *People ex rel. Tierney* v. *Wilkins,* 261 App. Div. 728–730.)

Motion to quash the writ denied and motion to amend petition as submitted granted. No costs.

Submit orders accordingly.