Charles Margett, J.
In this proceeding by 97 petitioners to review the 1959-1960 tax assessments on their respective parcels, respondents move (1) for a severance and (2) to dismiss the petition as to several petitioners op. various grounds.
*1018 The grounds for so much of the motion as seeks a severance are, in substance, that the parcels differ, that a joint trial as to 97 parcels would be complex and confusing and that petitioners are not affected in the same manner by the alleged illegality, error or inequality (Real Property Tax Law, § 706).
As to this branch of the motion the opposing affidavit states in substance that the properties are located in a small, self-contained area running two blocks from Horace Harding Boule.vard to 67th Avenue and six blocks from 210th Street to Belt Boulevard; that the properties are in one development, built by the same builder from the same basic plan and model within the same period of time, and that the assessors by blanket assessment fixed the land value of every parcel in the area at $80: per foot or $1,600 per lot and allowed a blanket $500 depreciation on each improvement without exception. The city’s assessors according to the opposing affidavit “ in determining the 1959/60' assessment treated the Tall Oaks development as one area and applied the exact same formula in fixing the valuations for each parcel, to wit: they doubled the 1958/59 land valuation and reduced the 1958/59 building assessment by $500.00.”
In reply respondents point out in brief and conclusory fashion the disparity in valuation and dimension among the parcels; that a “ substantial number ”, citing only two examples, were individually built anywhere from about 1936 to 1957-1958 and that there were a considerable number of land assessments that were not doubled.
In an analysis of the assessments cited by respondents in their reply affidavit, petitioners show the unvarying application of the $80: front-foot formula even in those few instances where the land value was not doubled and that in only five instances was $500 not allowed for depreciation.
-Hpon that record the motion for a severance is denied. Petitioners have shown that they are “ similarly affected ” by the assessments and that to grant a severance would prejudice a substantial right, i.e., “ that the unnecessary and burdensome procedure of having multiple trials on precisely identical issues might well prove so expensive as to deprive them, practically speaking, of all right to review the assessments ” (Matter of Allen v. Rizzardi, 5 N Y 2d 493, 499). In the just-cited case, two proceedings were commenced by 35 and 48 petitioners, respectively. Motions to sever granted at Special Term were affirmed by the Appellate Division (5 A D 2d 832). The Court of Appeals reversed, unanimously, refusing to follow a dictum in an early case which was followed in two later eases, “in view of the modern, liberalized and in some respects revolu-. *1019 tionary changes written into our practice since the decisions in those cases, affecting amoilg other things the joinder of parties, severance and consolidation, the expedition of litigation by the avoidance of a multiplicity of suits, and the speedy and less expensive administration of justice ” (Matter of Allen v. Rizzardi, supra, pp. 499-500).
Branch (2) of the motion is granted on consent as to block 7615, lot 68; block 7604, lot 80; block 7605, lot 177; and block 7612, lot 1 and is in all other respects denied (People ex rel. Fifth Ave. & 37th St. Corp. v. Miller, 261 App. Div. 550, affd. 286 N. Y. 628; People ex rel. Bingham Operating Corp. v. Eyrich, 179 Misc. 197, affd. 265 App. Div. 562). Settle order.