■ In the Matter of ONTEORA CLUB et al., Respondents, v. BOARD OF ASESSORS OF THE TOWN OF HUNTER, Appellants.— The Board of Assessors of the Town of Hunter, Greene County, appeal from an order of the Supreme Court which denied their motion to dismiss a tax review proceeding for lack of jurisdiction. Concededly the Board of Assessors duly completed and filed the assessment roll and posted and published due notice thereof and fixing July 11, 1961, from 1:00 to 5:00 P.M., for hearing complaints with relation to assessments. Subdivision 1 of section 512 of the Real Property Tax Law

provides, in relevant part: " Complainants shall file with the assessors at any time prior to the meeting of the board of review or with the board of review at such meeting, a statement, under oath, specifying the respect in which the assessment complained of is illegal, erroneous or unequal, which statement must be made by the person whose property is assessed, or by some person authorized to make such statement who has knowledge of the facts stated therein." This was not done, and none of the petitioners appeared before the board on the day fixed for hearing complaints, with the exception of one individual whose assessment was reduced. Petitioners did, however, cause to be served upon the Town Clerk on the morning of July 11, 1961, a complaint concerning their assessments. The moving papers do not disclose what the Town Clerk did with the complaint. It is well settled that the court is without jurisdiction to review and correct assessments unless a verified complaint has been timely and properly filed, according to law. (*Matter of City of Albany* [*Assrs. of Town of Coeymans*], 253 App. Div. 436.) Petitioners concede this, but urge that filing a complaint with the Town Clerk was compliance. We cannot agree. The statute clearly and explicitly requires that the complaint be filed " with the assessors " at any time " prior to the meeting of the board " or " at such meeting." This was not done. Analogy to the service of other types of papers on the Town Clerk is of no avail. Albeit technical, an express condition precedent to a judicial proceeding was not met, and the court lacked jurisdiction to review. Order reversed, on the law and the facts, and the petition dismissed, with $10 costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.