In the Matter of ROBERT VAN PATTEN, Respondent, v. BOARD OF ASSESSORS OF THE TOWN OF CLIFTON PARK et al., Appellants.

In the Matter of LEO P. AHEARN et al., Respondents, v. BOARD OF ASSESSORS OF THE TOWN OF CLIFTON PARK et al., Appellants.

In the Matter of HAROLD N. CHAMBERLAIN et al., Respondents, v. BOARD OF ASSESSORS OF THE TOWN OF CLIFTON PARK et al., Appellants.

Third Department, February 24, 1970.

324

*Thomas D. Nolan* for appellants.
*James C. Straney* for respondents.

HERLIHY, P. J.   These are appeals by the assessors from an .order of the Supreme Court, entered June 8, 1964 in Saratoga County, which denied their motion to dismiss the petition.   It is noted that the appellants have delayed for over five years in bringing on these appeals.

The appellants completed and filed the assessment rolls sought to be reviewed on August 15, 1963 which date was the first date of publication of the notice thereof.   The appellants do not dispute the findings of Special Term, although the motion to dismiss was brought and decided upon affidavits.   Within 30 days after the completion and filing of the assessment the respondents' attorney served the required copies of petitions and notices upon the chairman of the Board of Assessors of Clifton Park.   Subdivision 1 of section 708 of the Real Property Tax Law (all statutory references hereinafter are to this law unless otherwise specified) provides that in cases such as this, service '' shall be made '' by delivery to the clerk of the assessing unit, if there is such a clerk and subdivision 1 of section 102 provides that such '' clerk '' in this case is the Town Clerk. It is beyond doubt that service was not made in accordance with the statute.   The appellants contend that the failure to file the notice and petition in accordance with the Real Property Tax Law renders the court without jurisdiction regardless of the circumstances surrounding the attempted service.

The appellants chose not to answer the petition, but instead made a special appearance to challenge the jurisdiction of the court. The appellants cite subdivision 3 of section 702, but it is obvious that its provisions are only applicable where an answer is filed, and subdivision 1 of section 712 provides that all allegations of the petition are " deemed denied " when no answer is filed.

In *Matter of Deering Realty Corp.* v. *Podeyn* (18 A D 2d 821, 822) the Second Department held that the filing and the service of the petition and notice prescribed by statute could be waived by stipulation. However, subsequently the same court in *Matter of City of New York* v. *Christensen* (30 A D 2d 700, affd. 24 N Y 2d 1002) held " that the jurisdiction of the court in tax assessment review matters should rest on an objective statutory test ". (See also *Matter of Putterman* v. *Tvedt*, 28 A D 2d 852.)

In *Matter of Onteora Club* v. *Board of Assessors of Town of Hunter* (17 A D 2d 1008, affd. 13 N Y 2d 1170) it was held by this court that the failure to properly file a complaint with the assessors pursuant to section 512 resulted in a lack of jurisdiction for court review. Section 706 of the law relates to judicial review and expressly requires that the petition " show that a complaint was made in due time to the proper officers ". (See *Matter of City of Albany* v. *Assessors of Town of Coeymans*, 253 App. Div. 436.) The matters specified in section 706 essential to a petition are jurisdictional prerequisites for judicial review. In the present case we are dealing solely with the commencement of the judicial proceeding as opposed to defects affecting the right to have such review.

In *Matter of Watson Blvd. Apts.* v. *Huffcut* (23 A D 2d 508) this court held that " The failure to suffice the statute's condition precedent [service on the Town Clerk] is jurisdictionally fatal ". In *Matter of Shanty Hollow Corp.* v. *Poladian* (23 A D 2d 132, 133, affd. 17 N Y 2d 536) we followed the *Huffcut* case and held service on the Town Clerk to be jurisdictionally essential.

In the present case there are factors not present in *Huffcut* and *Shanty Hollow* which would be a basis for a finding of waiver as to service on the Town Clerk; the attorney for respondents avers that on September 12, 1963 he telephoned the Town Clerk and she told him that she did not know who the clerk of the assessing unit was but that the chairman of the appellants performed such duties; that on the same date he talked with the Town Attorney who told him he did not know who the clerk of the assessing unit was; and that on September

13, 1963 he again called the Town Clerk and asked directions to the chairman's home. Special Term heard and determined this case more than one year prior to the decisions in *Huffcut* and *Shanty Hollow* (*supra*) and it appears it relied upon the doubt created as to "clerk of the assessing unit" where even the persons presumed to have such knowledge were unable to identify such clerk.

Upon the present record in its entirety, we find that service upon the person orally designated by the Town Clerk as the proper person for such service was effective service upon the Town Clerk and, accordingly, there is no jurisdictional defect. The affidavit of the Town Clerk does not deny receipt of the papers, although it does deny "service" thereof on her.

The order should be affirmed, with costs.

STALEY, JR., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Order affirmed, with costs.