James H. Boomer, J.
In these proceedings to review real property tax assessments', respondents move to dismiss the petition upon two grounds:
*458 1. Service of the petition upon the Deputy Assessor was improper.
2. The petitioner is not the same party which made application to the Board of Assessment Review.
1. Service upon the Deputy Assessor was proper under the 1970 amendment to subdivision 1 of section 708 of the Real Property Tax Law (L. 1970, ch. 1027). That subdivision now reads, in part: “ If the assessment to be reviewed was made by the assessors of an assessing unit, service shall be made by delivering three copies of the petition and notice to the clerk of such assessing unit, or, if there be no such clerk, then to the officer who performs the customary duties of that official, or, in a county having a population in excess of two hundred fifty thousand, to the assessor or the chairman of the board of assessors or the chief clerk of such assessor or board of assessors, or a deputy of any of such clerks or officers authorized to receive such petition and notice ’ ’.
The respondents contend that the Deputy Assessor must be ‘ ‘ authorized ’ ’ by the town to receive service before effective service can be made upon him. This is an erroneous construction of the phrase, ‘ ‘ or [upon] a deputy of any such clerks or officers authorized to receive such petition and notice The words “ such clerks or officers authorized to receive such petition and notice ’ ’ refer back to all of the clerks and other officers, named in the preceding part of the subdivision, upon whom service may be made, and who are thus “ authorized ” by statute to receive service.
2. In each proceeding, the complaint required by section 512 of the Real Property Tax Law to be filed with the Board of Assessment Review was made by an agent -on behalf of the owner of the property, whereas the petition instituting the proceeding was made by a lessee of the property who was required to pay the taxes. The petition cannot be dismissed for that reason, for the complaint to the Board of Assessment Review need not be made by the same party who commences the proceeding (People ex rel. Bingham Operating Corp. v. Eyrich, 179 Misc. 197, 199, affd. 265 App. Div. 562). The statute (Real Property Tax Law, § 706) requires, as a condition precedent to the commencement of the action, only that a complaint be “made in due time to the proper officers to correct such assessment ”; it does not require that the complaint be made by the petitioner. The agent of the owner was a proper person to make the complaint under subdivision 1 of section 512 of the Real Property Tax Law and the lessee obligated to pay the taxes is a person *459 “ claiming to be aggrieved ” within the meaning of section 704 of. the Real Property Tax Law and is one who may bring this proceeding (Matter of Burke, 62 N. Y. 224; Matter of McLean’s Dept. Stores v. Commissioner of Assessment, 2 A D 2d 98).
As the respondents point out, however, the complaints filed with the Board of Assessment Review do not allege that the assessment exceeds the market value of the property; the only claim they make is of inequality. Only the issue of inequality, therefore, may be raised in this proceeding and only that issue will be referred for trial (Matter of Mid Point Apts. v. Town of Poughkeepsie, 59 Misc 2d 845; Matter of 1600 Elmwood Ave. v. Wiles, 42 Misc 2d 759).