Howard T. Hogan, J.
In this article 78 proceeding, petitioner seeks to have the court declare that its application for correction of its real property tax assessment was timely filed with the Board of Assessment Review (Review Board), to direct said Review Board and the Board of Assessors (Assessors) to accept the application -so filed, and to permit petitioner to file its writ pursuant to article 7 of the Real Property Tax Law.
*404 The facts are not in dispute. On July 26, 1973, the petitioner served and filed its application for correction of assessment (protest) with the Review Board. This protest was returned by the Review Board for the reason that all adjourned hearings had been completed. The last public hearing before said board was held on July 25, 1973.
Subdivision 3 of section 1526 of the Real Property Tax Law provides as follows: “3. Complaints with respect to assessments. Complaints with respect to assessments may be filed with the assessor at any time prior to the hearing of the board of assessment review1 or with the board of assessment review at such hearing or any adjourned hearina. The assessor shall' transmit to the board of assessment review on or before the day of such hearing all complaints so filed with him.” (Emphasis supplied.)
The petitioner contends that since the Review Board must prepare a verified statement showing the changes made by them in assessments and must deliver the same to the Assessors on or before August 1, the date the assessment roll becomes final, hearings do not end until the verified statement is filed with the Assessors. It is their position that the last public hearing herein, July 25, 1973, was not the last adjourned hearing, that all executive or private sessions of the Review Board held until the date of the submission of the verified statement to the Assessors constitute adjourned hearings at which protests may be filed.
Respondents contend that the words “ hearings ” and “ adjourned hearings” must be construed to refer to actual hearings at which protests are reviewed and not to private meetings of the Review Board at which ministerial functions are performed.
Prior to the enactment of article 15-A of the Real Property Tax Law, protests in this county were required to be filed with the Assessors on or before grievance day, the third Tuesday of May. Because of the language contained in section 1526 of the Real Property Tax Law, this court has previously held that protests may also be filed at adjourned hearings of the Review Board even if such hearings take place after grievance day (700 Shore Road Assoc. v. Board of Assessment Review. 70, Misc 2d 822).
This court is of the opinion, however, that the hearings or adjourned hearings referred to in section 1526 are those hearings at which complaints or protests are heard. The entire statutory scheme concerning grievance procedure and the hear *405 ing of complaints will admit of no other interpretation. Were we to adopt the petitioner’s position, we would in effect be eliminating the time limitations built into the statute.
The protest is designed to advise the Review Board that the assessment complained of is incorrect. The hearing is held for the purpose of inquiring into the alleged errors. Once all previously filed protests have been heard and the Review Board closes its hearings, there should and must be an end. It is unrealistic to permit the filing of protests after such hearings have ended. There must be a reasonable amount of túne allowed within which the Review Board can compile its findings and prepare its statement for the Assessors. We are of the opinion that during this period, no further protests can be filed. The statute ;so mandates.
Since the last hearing herein, occurred on July 25, 1973, the petitioner’s protest delivered on July 26, 1973, was not timely filed. Accordingly, the petition is dismissed.