◼ In the Matter of WILLIAM P. WILLIG, Appellant, v TOWN OF BALLSTON et al., Respondents.—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Ford J.), entered December 13, 1985 in Saratoga County, which, in a proceeding pursuant to Real Property Tax Law article 7, dismissed the petition for lack of jurisdiction.

Pursuant to Real Property Tax Law article 7, petitioner sought to have the 1985 assessment of certain real property he owned reviewed by the Board of Assessment Review (Board) of respondent Town of Ballston, Saratoga County. The specified grievance day for such complaints was June 18, 1985, and the complaints were thus required to be filed by or on that date. Petitioner mailed his complaint to the town and the town school district on June 14, 1985; however, the town returned the complaint to petitioner, stating that it was not received until June 19, 1985 and, therefore, was untimely. This combined action and proceeding was then commenced, and Special Term determined that judicial review was unavailable because the complaint was not timely filed.

We affirm. Real Property Tax Law § 524 (1) provides that complaints are to be filed "with the assessor at any time prior to the hearing of the board * * * or with the board * * * at such hearing". The Board did not receive petitioner's complaint until after the hearing. Given the purpose of the hearing, which is to inquire into the errors alleged by the complaints, "[i]t is unrealistic to permit the filing of protests after such hearings have ended" *(Matter of Professional Equities Corp. v Board of Assessment Review,* 75 Misc 2d 403, 405). Although the filing requirement is a technical requirement, it is an express condition precedent to judicial review *(Matter of Onteora Club v Board of Assessors,* 17 AD2d 1008, 1009, *affd* 13 NY2d 1170). Accordingly, judicial review is unavailable in this case.

We reject petitioner's claim that the manner of service of his complaint should be governed by CPLR 2103 (b) (2) and (c)

since the Real Property Tax Law does not provide for the manner of filing or service of the complaint. CPLR 101 provides that the CPLR governs the "procedure in civil judicial proceedings * * * *except where the procedure is regulated by inconsistent statute"* (emphasis supplied). Since Real Property Tax Law § 524 envisions receipt of complaints by the Board prior to or at the hearing so that the Board may investigate the complaint, and since service under CPLR 2103 would validate service by which the Board might not receive the complaint prior to or at the hearing, the two provisions are inconsistent. Accordingly, the requirements of Real Property Tax Law § 524, envisioning receipt before or at the hearing, must control, and petitioner's complaint was untimely.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ. concur.