OPINION OF THE COURT
Carl J. Mugglin, J.
This is a motion to dismiss a special proceeding brought *336 pursuant to the Real Property Tax Law to judicially review the tax assessment of petitioner’s real estate in the Town of Hancock, New York.
For purposes of this motion, the parties agree that the tax assessment roll was completed and filed on June 30, 1993; that the notice of completion and filing was first published in the Hancock Herald on July 7, 1993; that respondents were served with the petition on July 30, 1993 but the petition did not have the index number imprinted thereon. At oral argument, the parties agreed that the petition was timely served if it is valid.
Relying on the provisions of CPLR 305 (a) which require that the index number assigned and the date of filing with the Clerk be on the documents, the respondents argue that the notice of petition and petition were a nullity and that no proper service occurred within the 30-day period within which the tax assessment review proceeding must be commenced.
In opposition to the motion, the petitioner informs the court that documents with the necessary fees were submitted to the Delaware County Clerk on July 12, 1993 with a request that they be filed and an index number issued. On July 19, 1993, the Delaware County Clerk rejected the papers insisting that the original notice of petition and petition must be filed, not copies. As a result, no index number was assigned and the documents were not filed in the County Clerk’s office prior to service. Petitioner argues that the County Clerk has no basis upon which to require original documents be filed and that the tendering of the documents should be sufficient to comply with the statute and that the actions of the Clerk should not present a jurisdictional bar to this proceeding.
Obviously, both parties believe that the provisions of chapter 216 of the Laws of 1992 which amended the method by which actions and special proceedings are commenced in this State apply to this tax assessment review proceeding.
Although not addressed by the parties, fundamental to the resolution of the issue raised on this motion is whether the Legislature intended that a proceeding to review a real property tax assessment be commenced by filing the petition with the Clerk when it amended CPLR 304 et seq. If it is determined that the new method of commencing actions and special proceedings is not applicable herein, the respondents’ motion must be denied. For the reasons which follow, I conclude that the Legislature did not so intend and that real *337 property tax assessment cases are commenced as required by Real Property Tax Law § 704 and are not governed by CPLR 304 et seq.
First, I note that chapter 216 of the Laws of 1992 which effects the change in the method of commencing litigation encompasses not only actions but also special proceedings. (See, CPLR 304.) The Civil Practice Law and Rules is applicable to all civil proceedings except where regulated by an inconsistent statute. (CPLR 101.) A proceeding to review a real property tax assessment as it relates to commencement is regulated by an inconsistent statute since Real Property Tax Law § 704 (1) provides that it is commenced by the service of a petition.[1] This conflict with the requirement that a "special proceeding” is commenced by filing with the Clerk results in the inapplicability of CPLR 304 et seq.
Secondly, chapter 216 lists a series of statutes that it amends but Real Property Tax Law § 704 is not included. If the Legislature intended to effect a similar change in the method of commencing a real property tax assessment case, it would have simply listed the proceeding as being one of those covered.
Third, the avowed purpose of amending the manner in which most actions are commenced is revenue raising by requiring the prospective litigant to obtain an index number and pay the necessary fee at the outset. Since an index number would be obtained in the tax assessment proceeding at an early point, the revenue raising goal is met without the imposition of the new statute.[2]
Fourth, the procedural aspects of a tax assessment review case are totally different than the ordinary matter. Of primary importance is the fact that no default in pleading can occur in this type of litigation. (See, Real Property Tax Law § 712 [1].) Any issue regarding service of process and the jurisdiction of the court would be raised by motion or the service of a verified answer. In the event that no answer is served, all allegations are deemed denied. Thus the automatic dismissal provision of the new statutory scheme would not apply.
*338 Finally, the inconsistent statutes which govern the commencement of a tax assessment review in court results in confusion not only among the litigants but also the Bar in general. Until such time as the Legislature speaks directly to the issue, this court is constrained to follow what it perceives to be the legislative intent and to apply the law in the most consistent and clear manner possible.
In view of the foregoing, the motion of respondents is denied and the usual scheduling order shall forthwith issue.

. This provision has been applied to resolve conflict between Real Property Tax Law § 524 and CPLR 2103. (See, Matter of Willig v Town of Ballston, 126 AD2d 856 [3d Dept 1987].)

. The proceeding is required to be returnable before the court not less than 20 nor more than 90 days from the date of service. Consequently, an index number and request for judicial intervention would be necessary.