■ In the Matter of FRANK J. ZAPPALA, JR., Doing Business as MILITARY PACKARD ENTERPRISES, Respondent, v RICHARD HANN, as Assessor of Town of Niagara, et al., Appellants. NIAGARA WHEATFIELD CENTRAL SCHOOL DISTRICT, Intervenor-Appellant. [604 NYS2d 443] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondents and intervenor appeal from an order and judgment that reduced the assessments on petitioner's property located at 2590 Military Road in the Town of Niagara for the tax years 1988, 1989 and 1990.

Supreme Court should have dismissed the petition challenging the 1988 assessment because petitioner failed to file a timely complaint with the assessor or the board of assessment

review as required by law *(see,* RPTL 524 [1]). The filing of a timely complaint is a condition precedent to judicial review *(see, Matter of Willig v Town of Ballston,* 126 AD2d 856; *Matter of Grossman v Board of Trustees,* 44 AD2d 259; *Matter of Onteora Club v Board of Assessors,* 17 AD2d 1008, *affd* 13 NY2d 1170).

With respect to the assessments for the remaining years, we conclude that Supreme Court properly determined that petitioner met his burden of demonstrating by substantial evidence that the assessments were excessive *(see, Matter of State of New York v Town of Thurman,* 183 AD2d 264, 266; *Matter of Adirondack Mtn. Reserve v Board of Assessors,* 99 AD2d 600, 601, *affd* 64 NY2d 727). Petitioner presented sufficient evidence to establish a prima facie case that the assessments were erroneous and thus, the presumption of the validity of respondents' assessment disappeared and could not be considered in assessing the evidence *(see, Matter of General Motors Corp. v Assessor of Town of Massena,* 146 AD2d 851, 853, *lv denied* 74 NY2d 604).

Supreme Court's determination that the 1987 sale of the subject property for the sum of $1,314,000 was an arm's length transaction is amply supported by the record. Further, it is well established that the best evidence of value is a recent sale of the subject property between a buyer who is under no compulsion to buy and a seller who is under no constraint to sell *(see, Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351, 356, *rearg denied* 81 NY2d 784; *Matter of Grant Co. v Srogi,* 52 NY2d 496, 511; *Matter of Welch Foods v Town of Portland,* 187 AD2d 948). Supreme Court also properly added a "leasehold bonus" to the 1987 sales price in order to determine the fair market value of the subject property. The record demonstrates that the reserved rent under the lease for the subject property was too low when compared to market rent *(see, Matter of Merrick Holding Corp. v Board of Assessors,* 45 NY2d 538, 543). There is no support in the record, however, for Supreme Court to establish a leasehold bonus at 14% of the 1987 sales price. The undisputed testimony of respondents' expert was that the rent paid under the lease was 25% below market rent. Therefore, Supreme Court should have added a leasehold bonus of 25% to the 1987 sales price to arrive at the fair market value of $1,642,500 for the subject property.

Supreme Court properly applied the equalization rates applicable to the assessment rolls of the Town of Niagara for the

years 1989 and 1990 at 90.35% and 87.46% respectively *(see, Matter of Johnson v Town of Haverstraw,* 102 AD2d 451).

We have reviewed the parties' remaining contentions and we find them to be lacking in merit. Therefore, we modify the order and judgment by dismissing the petition challenging respondents' assessment of the subject property for the 1988 tax year. We further modify the order and judgment by fixing the tax assessment for 1989 at $1,483,998.70 and by fixing the tax assessment for 1990 at $1,436,530.50. (Appeals from Order and Judgment of Supreme Court, Niagara County, Koshian, J. —Tax Certiorari.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.