■ In the Matter of GRAND UNION COMPANY, Appellant, v ASSESSOR OF THE TOWN OF NEWBURGH et al., Respondents. [615 NYS2d 50] —In a proceeding pursuant to Real Property Tax Law article 7 to review assessments for purposes of taxation on certain real property for 1992, the petitioner Grand Union Company appeals from an order of the Supreme Court, Orange County (Palella, J.), dated January 5, 1993, which granted the respondents' motion to dismiss the petition.

Ordered that the order is affirmed, with costs.

On May 21, 1992, the petitioner Grand Union Company, the taxpayer for the property located at Steward Industrial Drive, mailed, by overnight express mail, a complaint form regarding a real property assessment to the Town of Newburgh Board of Assessment Review. The complaint form was not received until May 28, 1992, two days after the Board held a public meeting to hear grievances filed by taxpayers. Consequently, the Board notified petitioner that it would not consider the complaint form because it was untimely.

The petitioner thereafter served the Board with a notice of petition and petition for judicial review under Real Property Tax Law article 7. The Board moved to dismiss on the ground that the petitioner had failed to exhaust its administrative remedies by timely seeking administrative review. The Supreme Court granted the Board's motion.

Real Property Tax Law § 524 (1) provides that complaints are to be filed "with the assessor at any time prior to the hearing of the board * * * or with the board * * * at such hearing". The filing requirement is an express condition precedent to judicial review *(see, Matter of Onteora Club v Board of Assessors,* 17 AD2d 1008, 1009, *affd* 13 NY2d 1170; *Matter of*

*Zappala v Hann,* 198 AD2d 879). Accordingly, the Supreme Court properly granted the Board's motion, because judicial review is unavailable in this case. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.