■ In the Matter of CHRISTIAN FREI et al., Appellants, v TOWN OF LIVINGSTON et al., Respondents. [857 NYS2d 282]—

Kane, J. Appeal from an order of the Supreme Court (Egan, Jr., J.), entered January 18, 2007 in Columbia County, which, in a combined proceeding pursuant to RPTL article 7 and/or CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.

Petitioners own real property in the Town of Livingston, Columbia County. In response to their property assessment being raised, on May 19, 2006, petitioners' counsel sent a grievance complaint via Federal Express overnight delivery to respondent Kenneth Leggett, the Town Assessor, at the Town Hall. The last day for grievances to be timely filed was May 23, 2006. On May 22, 2006, a Federal Express delivery person attempted to deliver the package containing the grievance to the Town Hall, but no one was available to accept and sign for the package. The delivery person then left the package with an employee of the Columbia County Highway Garage, located within half a mile from the Town Hall. The county employee gave the package to the Town Highway Superintendent later that day. On May 30, 2006, Leggett informed petitioners' counsel that he had just received the grievance complaint and that it would be rejected as untimely.

Petitioners commenced this combined action and special proceeding seeking nullification of respondents' determination that the grievance was untimely, a declaratory judgment that respondents improperly refused to accept the grievance complaint, and judicial review under RPTL article 7. Supreme Court granted respondents' motion to dismiss for lack of jurisdiction due to petitioners' failure to timely file a grievance complaint. On petitioners' appeal, we affirm.

"Complaints with respect to assessments may be filed with

---

the assessor at any time prior to the hearing of the board of assessment review or with the board of assessment review at such hearing . . . Any complaint filed on or before the date established by law for the hearing of the board of assessment review shall be deemed timely" (RPTL 524 [1]; *see* RPTL 512 [2]). Filing a grievance complaint with the assessor or board of assessment review is a condition precedent and jurisdictional prerequisite to obtaining judicial review (*see Matter of Grand Union Co. v Assessor of Town of Newburgh*, 206 AD2d 478, 478 [1994]; *Matter of Willig v Town of Ballston*, 126 AD2d 856, 856 [1987]; *Matter of Van Patten v Board of Assessors of Town of Clifton Park*, 33 AD2d 323, 325 [1970]; *cf.* RPTL 706 [2] [requiring any petitioner under RPTL article 7 to plead "that a complaint was made in due time to the proper officers to correct such assessment"]). Filing with anyone else, even a different municipal employee, does not meet the technical requirements of the statute and deprives the court of jurisdiction (*see Matter of Onteora Club v Board of Assessors of Town of Hunter*, 17 AD2d 1008, 1009 [1962], *affd* 13 NY2d 1170 [1964]). Of course, filing would be proper on any person designated for service by the assessor or the board of assessment review (*see Matter of Van Patten v Board of Assessors of Town of Clifton Park*, 33 AD2d at 326), but neither the county highway employee nor the Town Highway Superintendent was so designated here. Despite their attempt, petitioners did not file their grievance complaint with Leggett or the Town of Livingston Board of Assessment Review prior to May 23, 2006. As no grievance was timely filed with a proper official, Supreme Court properly granted respondents' motion to dismiss for lack of jurisdiction.

Contrary to petitioners' contention, the two-prong test set forth in *Matter of Great E. Mall v Condon* (36 NY2d 544, 548 [1975]) does not apply here. That case dealt with pleading and service defects in the commencement of an RPTL article 7 proceeding, which may be cured by procedural statutes preferring liberal construction of pleadings and correction of technical omissions (*see id.*). Those statutes do not override the specific requirements of RPTL 524 regarding filing of assessment grievance complaints (*see* CPLR 101; *Matter of Willig v Town of Ballston*, 126 AD2d at 857).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.