■ In the Matter of LARCHMONT PANCAKE HOUSE, Respondent, v BOARD OF ASSESSORS AND/OR THE ASSESSOR OF THE TOWN OF MAMARONECK et al., Appellants. [61 NYS3d 45]—

In four related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2010, 2011, 2012, and 2013, the Assessor of the Town of Mamaroneck and the Board of Assessment Review appeal from an order of the Supreme Court, Westchester County (Tolbert, J.), dated May 15, 2015, which denied their motions to dismiss the petition in each proceeding.

Ordered that the order is reversed, on the law, with costs, and the motions of the Assessor of the Town of Mamaroneck and the Board of Assessment Review to dismiss the petition in each proceeding are granted.

The petitioner occupies and operates a restaurant located on Boston Post Road in the Village of Larchmont (hereinafter the subject property) and pays the operating costs for the property, including property taxes. The subject property was formerly owned by Susan Carfora, but upon her death in 2009, it was transferred to a revocable trust pursuant to the terms of her will. Pursuant to the terms of the trust, the subject property was subsequently transferred to Carfora's daughters Irene Corbin and Portia DeGast as tenants in common.

The petitioner filed complaints with the Board of Assessment Review in 2010, 2011, 2012, and 2013, challenging the real property tax assessment on the subject property. When the assessments were not reduced, the petitioner commenced these four related proceedings pursuant to RPTL article 7 to review the assessments. The Assessor of the Town of Mamaroneck and the Board of Assessment Review (hereinafter together the appellants) moved to dismiss the petitions on the grounds that the Supreme Court lacked subject matter jurisdiction, as the petitioner had failed to satisfy a condition precedent for challenging the assessments, and that the petitioner was not an aggrieved party and lacked standing to challenge the assessments. The court denied the motions.

The Supreme Court erred in denying the appellants' motions. While the petitioner is an aggrieved party within the meaning of the RPTL because the assessments had a direct adverse affect on its pecuniary interests (*see Matter of Steel Los III/Goya Foods, Inc. v Board of Assessors of County of Nassau*, 10 NY3d 445, 452-453 [2008]; *Matter of Waldbaum, Inc. v Finance Adm'r of City of N.Y.*, 74 NY2d 128, 133 [1989]; *Matter of Saint Gobain v Assessor of Town of Wheatfield*, 17 AD3d 1112 [2005]; *Matter of Mack v Assessor of Town of Ramapo*, 72 AD2d 604 [1979]), its status as an aggrieved party is not the only requirement for commencing a proceeding pursuant to RPTL article 7 (*see Matter of Circulo Hous. Dev. Fund Corp. v Assessor of City of Long Beach, Nassau County, NY*, 96 AD3d 1053, 1056 [2012]). Specifically, the filing of a grievance complaint with the Assessor or the Board of Assessment Review is a condition precedent and jurisdictional prerequisite to obtaining judicial review (*see* RPTL 706 [2]; *Matter of Frei v Town of Livingston*, 50 AD3d 1381 [2008]; *Matter of Grand Union Co. v Assessor of Town of Newburgh*, 206 AD2d 478 [1994]). In this regard, RPTL article 5 requires that the property owner file the complaint or grievance to obtain administrative review of a tax assessment (*see* RPTL 524 [3]; *Matter of Circulo Hous. Dev. Fund Corp. v Assessor of City of Long Beach, Nassau County, NY*, 96 AD3d at 1056). The petitioner, which filed the complaints with the Board of Assessment Review, never owned the subject property. Therefore, the court lacked subject matter jurisdiction to review the assessments, as the petitioner failed to satisfy a condition precedent to the filing of the petitions pursuant to RPTL article 7. Accordingly, the court should have granted the appellants' motions to dismiss the petition in each proceeding. Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.