Matter of DCH Auto v Town of Mamaroneck (2019 NY Slip Op 08846)





Matter of DCH Auto v Town of Mamaroneck


2019 NY Slip Op 08846


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-03016
 (Index No. 23040/09)

[*1]In the Matter of DCH Auto, etc., et al., appellants,
v
Town of Mamaroneck, etc., et al., respondents.


Griffin, Coogan, Sulzer & Horgan, P.C., Bronxville, NY (William E. Sulzer, Matthew S. Clifford, and Kevin M. Brady, Jr., of counsel), for appellants.
William Maker, Jr., Mamaroneck, NY, for respondents Town of Mamaroneck, Assessor of the Town of Mamaroneck, and Board of Assessment Review of the Town of Mamaroneck, and McCullough Goldberger & Staudt, LLP, White Plains, NY (Kevin E. Staudt of counsel), for respondents Village of Mamaroneck, Assessor of the Village of Mamaroneck, and Board of Assessment Review of the Village of Mamaroneck (one brief filed).



DECISION & ORDER
In a consolidated tax certiorari proceeding, the petitioners appeal from a judgment of the Supreme Court, Westchester County (O. Peter Sherwood, J.), entered February 10, 2017. The judgment, insofar as appealed from, dismissed the consolidated proceeding insofar as it sought review of certain real estate tax assessments of a parcel of real property designated as Section 8, Block 26, Lot 1.1 on the official tax map of the Town of Mamaroneck, and Section 8, Block 111, Lot 1A of the official tax map of the Village of Mamaroneck, known by the postal address of 700 Waverly Avenue, Mamaroneck, New York.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
This matter was presented to the Supreme Court on stipulated facts and documentary evidence. In a net lease dated October 10, 2007, the owner of 700 Waverly Avenue in Mamaroneck
(hereinafter the subject property) leased it to the petitioner, DCH Auto, later known as DCH Investments, Inc. (New York) (hereinafter together the petitioner), for a period of 20 years. The net lease provided, inter alia, that the petitioner was to pay the real estate taxes for the period of the lease term, that the petitioner had the right to contest any assessment at its sole cost and expense, and that it had the right to settle any such proceeding without the consent of the owner. Furthermore, the owner was not required to join in any such proceeding unless the law required that the proceeding be brought in the name of the owner. If the law required the proceeding to be brought in the name of the owner, the owner was required to cooperate with the petitioner.
By administrative complaints pursuant to RPTL 524, the petitioner, in its name, challenged tax assessments of the Town of Mamaroneck for the subject property for the tax years 2009, 2010, 2011, 2013, and 2014, and the tax assessments for the Village of Mamaroneck for the tax years 2010, 2011, and 2013. After both the Town Board of Assessment Review and the Village Board of Assessment Review denied the administrative complaints on the merits, the petitioner [*2]commenced five proceedings pursuant to RPTL article 7 to review assessments made by the Town for tax years 2009, 2010, 2011, 2013, and 2014, and three proceedings pursuant to RPTL article 7 to review assessments made by the Village for tax years 2010, 2011, and 2013.
The Town and the Village moved to dismiss the consolidated proceeding on the ground that the administrative complaints pursuant to RPTL 524 were defective, since they were not brought in the name of the owner, and a complaint pursuant to RPTL 524 was a condition precedent to a proceeding pursuant to RPTL article 7. The Supreme Court granted the motion to dismiss the consolidated proceeding. The court determined that a condition precedent to the commencement of the proceeding was not satisfied, as the administrative complaints for the subject tax years were not filed in the name of the owner as required by RPTL 524(3). Thus, the court dismissed the consolidated proceeding. The petitioner appeals.
RPTL 524(3) provides, in relevant part, that a complaint must be based upon a statement by "the person whose property is assessed, or by some person authorized in writing by the complainant or his officer or agent to make such statement who has knowledge of the facts stated therein. Such written authorization must be made a part of such statement and bear a date within the same calendar year during which the complaint is filed." RPTL 704(1) provides, in relevant part, that "[a]ny person claiming to be aggrieved by any assessment of real property" may commence a judicial proceeding pursuant to RPTL 704(1). Here, the petitioner may qualify as an aggrieved party pursuant to RPTL 704(1), since it paid the real estate taxes in the challenged tax years. However, in filing the administrative complaints under RPTL 524 in its own name, it failed to satisfy a condition precedent to the commencement of an RPTL article 7 proceeding since it was neither the owner, nor identified in the complaints as an agent of the owner (see RPTL 706[2]; Matter of Larchmont Pancake House v Board of Assessors and/or the Assessor of the Town of Mamaroneck, 153 AD3d 521, affd on other grounds 33 NY3d 228; Matter of Circulo Hous. Dev. Fund Corp. v Assessor of City of Long Beach, Nassau County, NY, 96 AD3d 1053; Matter of Grecian Garden Apts. v Barlow, 71 Misc 2d 457 [Sup Ct, Monroe County]).
The petitioner's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to dismiss the consolidated proceeding.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court